UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY PINNELL, JEREMY FERNANDEZ AND SHANE PERRILLOUX, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., BOARD OF DIRECTORS OF TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICALS USA, INC. INVESTMENT COMMITTEE, and JOHN AND JANE DOES 1-30.<br><br>Defendants. | **CIVIL ACTION NO.:**<br>**2:19-CV-05738-MAK** |

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1. I am a member in good standing of the bar of the Commonwealth of Pennsylvania and have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. I am chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

3. I have been actively involved in all stages of this lawsuit, including investigating and preparing the Complaint and Amended Complaint, and settling this litigation.

*Procedural History*

4. Following several months of investigation, Plaintiffs Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux, filed the initial Complaint on December 6, 2019, and an Amended Complaint on February 5, 2020.

5. In the Amended Complaint, Plaintiffs alleged in Count I Teva and the Committee Defendants breached their fiduciary duties to the Plan, Plaintiffs, and the proposed Class by failing to prudently and loyally manage the Plan's investment options.

6. Defendants filed a Motion to Dismiss the Amended Complaint for Failure to State A Claim on March 3, 2020 (ECF 19). The Court denied Defendants' Motion to Dismiss on March 17, 2020. (ECF 25). Defendants filed an Answer and Affirmative Defenses to Plaintiffs' Amended Complaint on April 14, 2020. (ECF 29). Defendants filed a Motion for Partial Summary Judgment on the Individual Claims of Named Plaintiffs Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux on September 11, 2020. (ECF 47). On the same day, September 11, 2020, Plaintiffs filed a Motion for Class Certification. (ECF 48). Defendants filed a Brief In Opposition to Plaintiffs' Motion for Class Certification and Plaintiffs filed an Opposition to Defendants' Motion for Partial Summary Judgment on September 25, 2020. (ECF 55).

7. Prior to filing their respective Reply briefs, the Parties agreed to participate in a private mediation.

*Discovery Practice*

8. On April 7, 2014, the Parties exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiffs served their first request for production of documents addressed to Defendants on April 10, 2020. Defendants also served their First Set of Interrogatories and Document Requests on Plaintiffs on April 10, 2020.

9. On May 11, 2020, Plaintiffs served Responses and Objections to Defendants' First Requests for Production of Documents. On the same day, Plaintiffs served their Responses and Objections to Defendants' First Set of Interrogatories. Subsequently, Plaintiffs served supplemental responses to these first requests on July 10, 2020.

10. On May 28, 2020, Plaintiffs produced documents in response to Defendants' request for documents. Subsequently on May 29, 2020, Plaintiffs served Amended Responses and Objections to Defendants' First Requests for Production of Documents to Plaintiffs.

11. On June 22, 2020, Plaintiff Perrilloux served Responses to Defendants' First Requests for Admission to Plaintiff Perrilloux.

12. Defendants also served Plaintiff Pinnell a Supplemental Request for Production of Documents. On July 20, 2020, Plaintiff Jerry Pinnell responded to Defendants' Supplemental Requests for Production of Documents. On the same day, Plaintiffs served a Notice of FED. R. CIV. P. 30(b)(6) Deposition of Defendant Teva Pharmaceuticals.

13. Later, on July 31, 2020, Plaintiffs served their First Set of Interrogatories Directed to Defendants. And, on August 7, 2020, Defendants served their Responses and Objections to Plaintiffs' Proposed FED. R. CIV. P. 30(b)(6) Deposition Topics.

14. Pursuant to deposition notices served on the Plaintiffs, the Deposition of Gerald Pinnell took place on August 25, 2020; the Deposition of Jeremy Fernandez took place on June 11, 2020; and the Deposition of Shane Perrilloux took place on June 4, 2020.

15. Altogether, document requests, interrogatories, and requests for admission resulted in Defendants producing nearly fifty-thousand pages of documents, including ESI. The Parties also exchanged several letters in an attempt to resolve discovery disputes.

*Settlement Discussions*

16. Plaintiffs first sent a 3-page written settlement demand to Defendants on May 22, 2020. Defendants responded on June 5th asking Plaintiffs to provide further information in support of their demand. Plaintiffs responded with an August 13, 2020 letter attaching several supporting exhibits. Defendants responded with another letter on September 18, 2020. Plaintiffs replied on

September 25, 2020. Also, on September 25th, the parties submitted *ex parte* confidential settlement statements in preparation for an October 2, 2020 scheduled settlement conference with Magistrate Judge Heffley. On September 30, 2020, the settlement conference was cancelled leading the Parties to agree to attend a mediation with Mr. Hughes.

17. On October 13, 2020, the parties participated in a mediation via Zoom videoconference before Hunter R. Hughes, III, from JAMS, a neutral, third-party private mediator with experience mediating ERISA class actions.

18. After reviewing all of the relevant information, Plaintiffs determined realistic maximum potential damages to the Plan to be between $3.3 million and $17.6 million.

19. Following several hours of mediation under Mr. Hughes's auspices, the parties arrived at a settlement in principle, settling this matter for $2,550,000.00. Several months of negotiations followed to finalize the terms of the Settlement Agreement, inclusive of exhibits, which was executed on November 18, 2020. It is attached here as Exhibit 1.

20. Throughout the litigation and settlement negotiation processes, Class Counsel has been cognizant of the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses. Plaintiffs entered into this Settlement with a full and comprehensive understanding of the strengths and weaknesses of the claims, which is based on Class Counsel's extensive experience with ERISA litigation, the investigation performed in connection with filing the Complaint and the Amended Complaint, and the facts obtained during the course of litigation.

21. With regard to Class Counsel's experience, I have successfully handled dozens of ERISA breach of fiduciary duty class actions, including cases involving defined contribution retirement plans' investment lineups. I have been litigating ERISA fiduciary breach lawsuits for 15 years and currently serve as lead counsel in several fiduciary breach actions across the country.

As a result, I am very familiar with the cases in this field. My biography is attached hereto as Exhibit 2.

22. I, along with Capozzi Adler, P.C., have been appointed interim class counsel in several actions pending across the country, including *Bilello, et al., v. Estee Lauder, Inc., et al.*, No. 1:20-cv-04770-JMF (S.D.N.Y.) (ECF 11), which is an analogous breach of fiduciary duty action.

23. It is Plaintiffs' counsel's opinion the proposed settlement is fair and reasonable.

24. Plaintiffs have vigorously prosecuted this Action. There is no doubt lawsuits of this type brought pursuant to the ERISA face significant litigation and trial risks. The undersigned tried an analogous case to verdict – *Brieger v. Tellabs, Inc.*, 659 F. Supp. 2d 967 (N.D. Ill. 2009) – and is particularly qualified to realistically evaluate the risks of continued litigation.

25. The Settlement Class encompasses potentially hundreds of Plan participants. At the end of 2018 there were over 14,000 participants with account balances in the Plan. Acknowledging that Class Notices have not been mailed to the Settlement Class, Plaintiffs are not aware of any Settlement Class member who intends to oppose the Settlement.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 18th day of November 2020, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*s/s Mark K. Gyandoh*
Mark K. Gyandoh, Esquire
312 Old Lancaster Road
Merion Station, PA 19066
markg@capozziadler.com
(610) 890-0200
Fax (717) 233-4103

*Class Counsel*

5