EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JERRY PINNELL, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**TEVA PHARMACEUTICALS USA, INC., et al.,**<br>**Defendants.** | **Civil Action No. 2:19-cv-05738-MAK** |

**NOTICE OF CLASS ACTION SETTLEMENT**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the Teva Pharmaceuticals Retirement Savings Plan (the "Plan") indicate that you were a participant in the Plan who maintained a balance of any amount at any point during the period from December 6, 2013 through June 28, 2019, (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement. The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.TevaERISAsettlement.com.

The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania. The persons who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux. The Defendants are Teva Pharmaceuticals USA, Inc., the Board of Directors of Teva Pharmaceuticals USA, Inc., and the Teva Pharmaceuticals USA, Inc. Investment Committee. The Action is known as *Pinnell, el al., v. Teva, et al.*, No. 2:19-cv-05738 (E.D. Pa.).

| **YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT** | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you are currently participating or have an account balance in the Plan and are a Settlement Class member, any share of the Net Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class member, such funds shall be paid directly to you by the Settlement Administrator. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _______________.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
| **YOU MAY PARTICIPATE IN THE FAIRNESS HEARING TO BE HELD ON ____________________.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing about the Settlement and present your objections to the Court. You may participate in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file or submit a written objection in advance of the Fairness Hearing AND you file a Notice of Intention To Appear, as described in the answer to Question 16 in this Notice. |

- These rights and options**—and the deadlines to exercise them**—are explained in this Notice.

- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting the following Class Counsel:

Mark K. Gyandoh
CAPOZZI ADLER. P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103

Class Counsel has established a toll-free phone number to receive your comments and questions: XXX-XXX-XXXX. You may also send an email to settlement@CapozziAdler.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court, Teva, or counsel for the Defendants.

**WHAT THIS NOTICE CONTAINS**

**SUMMARY OF SETTLEMENT** ........ 2
**BASIC INFORMATION** ........ 3
1. WHY DID I GET THIS NOTICE PACKAGE? ........ 3
2. WHAT IS THE ACTION ABOUT? ........ 3
3. WHY IS THIS CASE A CLASS ACTION? ........ 4
4. WHY IS THERE A SETTLEMENT? ........ 4
5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? ........ 4
**THE SETTLEMENT BENEFITS—WHAT YOU GET** ........ 5
6. WHAT DOES THE SETTLEMENT PROVIDE? ........ 5
7. HOW MUCH WILL MY PAYMENT BE? ........ 5
8. HOW MAY I RECEIVE A PAYMENT? ........ 6
9. WHEN WOULD I GET MY PAYMENT? ........ 6
10. CAN I GET OUT OF THE SETTLEMENT? ........ 6
**THE LAWYERS REPRESENTING YOU** ........ 6
11. DO I HAVE A LAWYER IN THE CASE? ........ 7
12. HOW WILL THE LAWYERS BE PAID? ........ 7
13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? ........ 7
**THE FAIRNESS HEARING** ........ 7
14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ........ 8
15. DO I HAVE TO COME TO THE HEARING? ........ 8
16. MAY I SPEAK AT THE HEARING? ........ 8
**IF YOU DO NOTHING** ........ 8
17. WHAT HAPPENS IF I DO NOTHING AT ALL? ........ 8
**GETTING MORE INFORMATION** ........ 8
18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? ........ 8

Deleted: 6

Deleted: 7

## SUMMARY OF SETTLEMENT

This litigation (the "Action") is a class action in which Named Plaintiffs Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under ERISA by, among other things, failing to attempt to reduce the Plan's expenses or and selecting for the Plan individual investment options that purportedly charged excessive fees compared to "similar" investment options available to the Plan. A copy of the Complaint as well as other documents filed in the Action are available at www.TevaERISAsettlement.com or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind.

A Settlement Fund consisting of $2,550,000.00 (two million, five hundred fifty thousand U.S. dollars) in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and the Gross Settlement Amount, together with any interest earned, will constitute the Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses and payment of Case Contribution Awards to the Named Plaintiffs, and costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of such fees, expenses, and awards, the amount that remains will constitute the Net

Settlement Amount. The Net Settlement Amount will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

**STATEMENT OF POTENTIAL OUTCOME OF THE ACTION**

Defendants strongly dispute the claims asserted in the Action and deny that they ever engaged in any wrongdoing, violation of law or breach of duty. Further, Named Plaintiffs would face an uncertain outcome if the Action were to continue. Although the Court denied Defendants' motion to dismiss the Action, this case was far from over. Prior to settling, two motions were pending before the Court: Plaintiffs' motion for class certification and Defendants' motion for partial summary judgment. An unfavorable ruling for Plaintiffs on either of the two motions would have severely diminished the value of this Action. Additionally, the Parties had yet to engage in expert discovery regarding the merits of the Action. Absent settlement, Defendants would present evidence that they reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations. As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class. Even if the Named Plaintiffs and Class prevailed, they might recover a judgment greater or less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Named Plaintiffs. The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs and Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

**STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION**

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty-three and one third percent (33 1/3%) of the Settlement Amount (a maximum amount of $850,000.00), plus reimbursement of expenses. Any amount awarded will be paid from the Settlement Fund. Defendants have no responsibility for payment of such fees and expenses.

**WHAT WILL THE NAMED PLAINTIFFS GET?**

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class. In addition, the Named Plaintiffs will ask the Court to award up to $15,000 to each of the Named Plaintiffs as Case Contribution Awards for their participation in the Action and representation of the Settlement Class. Any such awards will be paid solely from the Settlement Fund.

**BASIC INFORMATION**

**WHY DID I GET THIS NOTICE PACKAGE?**

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from December 6, 2013 to June 28, 2019**, during which time your Plan account included investments in any of the Plan's investment options.

The Court directed that this Notice be sent to you because if you fall within the definition of the Settlement Class, you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**WHAT IS THE ACTION ABOUT?**

The Action claims that under ERISA, the Defendants owed fiduciary duties of loyalty, care, and prudence to the Plan and that they violated those duties in connection with the selection and monitoring of the Plan's investment options. During the Class Period, participants in the Plan were able to allocate their account balances among various investment funds. Named Plaintiffs allege that because the Plan had nearly two billion dollars in assets, it had substantial bargaining power regarding the fees and expenses that were charged against participants' investments. Named Plaintiffs further allege that Defendants, however, did not try to reduce the Plan's expenses and selected for the Plan individual investment options that purportedly charged excessive fees compared to "similar" investment options available to the Plan. Additionally, Named Plaintiffs allege Defendants failed to prudently monitor the recordkeeping fees charged to Plan participants. Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants such as enrollment,

implementing participants' investment selections, maintaining the plan website and call center, and providing individual account statements to participants.

**THE DEFENSES IN THE ACTION**

Defendants deny all of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct. If the Action were to continue, Defendants would raise numerous defenses to liability, including:

- Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;
- Defendants reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations;
- The Plan's investment options were and are reasonable, prudent, and sound investment options for Plan participants;
- Even if a court were to determine that Defendants failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

**THE ACTION HAS BEEN AGGRESSIVELY LITIGATED**

Class Counsel has extensively investigated the allegations in the Action. Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, news articles and other publications, and other documents regarding the general and specific matters that were alleged in the original complaint filed on December 6, 2019 and the amended complaint filed on February 5, 2020. In the amended complaint (referred to here as the "Complaint"), Plaintiffs allege that Defendants breached the fiduciary duties of prudence and loyalty under ERISA by selecting for the Plan individual investment options that purportedly charged excessive fees compared to "similar" investment options available to the Plan. Plaintiffs also allege that Defendants allowed the Plan to pay excessive administrative expenses. This matter was set to go to trial on February 16, 2021. Over the last several months leading up to settlement, the Parties engaged in significant discovery, including the taking of the Named Plaintiffs' depositions and exchange of documents.

**SETTLEMENT DISCUSSIONS**

On October 13, 2020, the Parties mediated the Action under the supervision of Hunter Hughes, Esq., a mediator experienced in ERISA and other complex class actions. During the full-day mediation, counsel for the Parties conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, eventually resulting in the Parties agreeing to a proposed Settlement. The Parties subsequently negotiated the specific terms of the Settlement Agreement and related documents. On November 18, 2020, Named Plaintiffs filed a motion seeking preliminary approval of the Settlement as well as seeking related relief.

**WHY IS THIS CASE A CLASS ACTION?**

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Named Plaintiffs filed this case as a class action.

**WHY IS THERE A SETTLEMENT?**

As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all or in a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

**HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?**

You are a member of the Settlement Class if you have not previously released your legal claims against Teva pursuant to a Separation Agreement that covers the entirety of the Class Period in this case, and if you fall within the definition of the Settlement Class preliminarily approved by Judge Mark Kearney:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their beneficiaries.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### WHAT DOES THE SETTLEMENT PROVIDE?

Provided that the Settlement becomes Final, a Settlement Fund consisting of $2,550,000 will be established in the Action. The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the Net Settlement Amount. The Net Settlement Amount will not be known until these other amounts are quantified and deducted. The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the Released Parties from Released Claims. The Released Parties are (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors In Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them. Released Claims are defined in the Settlement Agreement and include all claims that were or could have been asserted in the Action, whether known or unknown. This means, for example, that Settlement Class members will not have the right to sue the Released Parties for failure to prudently select and monitor the Plan's investment options or fees, or related matters, that occurred during the Class Period.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.TevaERISAsettlement.com or by contacting Class Counsel listed on Page 2 above.

### HOW MUCH WILL MY PAYMENT BE?

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation. In general, your proportionate share of the Settlement will be calculated as follows:

- First, the Settlement Administrator will obtain balances for each Settlement Class member in their Plan accounts as of December 31, 2013, and at the end of each quarter during the Class Period (March 31, June 30, September 30, and December 31) up to and including March 31, 2019, with final data of as June 28, 2019. Each Class Member's account balances for each year of the Class Period based on the account balances as of these dates will be summed. This summed amount will be that Class Member's "Balance." With regard to this first step of the calculation, different data will be utilized for Class Members who signed Separation Agreements with Teva. For these Class Members, the Settlement Administrator will use the balances in the Class Member's Plan account beginning with the first date of the financial quarter following the quarter during which such Class Member entered into the Separation Agreement through the end of the Class Period.

- Second, the Balance for all Class Members will be summed.

- Third, each Class Member will receive a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, i.e. where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

- The amounts resulting from this initial calculation will be known as the Preliminary Entitlement Amount. Class Members who are entitled to a distribution of less than $10.00 will receive a distribution of $10.00 (the "De Minimis Amount") from the Net Settlement Amount. In other words, the Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest participating Class Member award is the De Minimis Amount, *i.e.* $10.00. The resulting calculation shall be the Final Entitlement Amount for each Class Member. The sum of the Final Entitlement Amount for each Class Member will equal the dollar amount of the Net Settlement Amount.

Deleted: the minimum amount of

Deleted: will receive no allocation

Deleted: The amounts resulting from this initial calculation will be known as the Preliminary Entitlement Amount. …

Formatted: Font: Italic

Deleted: settlement administrator will then, taking into account the Class Members who will receive nothing because they do not satisfy the De Minimis Amount, recalculate the amount to distribute to Class Members as many times as necessary so as to arrive

Deleted: at

Deleted: remaining

Deleted: remaining

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

## HOW MAY I RECEIVE A PAYMENT?

You do not need to file a claim. The Entitlement Amount for Settlement Class members with an Active Account (an account with a positive balance) as of September 30, 2020, will be paid into the Plan. Former Participants will be paid directly by the settlement administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

## WHEN WOULD I GET MY PAYMENT?

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class member. If objections are made to the Settlement or appeals are taken by objectors who oppose the approval of the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

## CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, see the answer to Question 13 below.

## THE LAWYERS REPRESENTING YOU

## DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Capozzi Adler, P.C. as Class Counsel for the Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion for the award of attorneys' fees of not more than one third (33 1/3%) of the Settlement Amount, plus reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $50,000. This motion will be considered at the Fairness Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

## HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Pinnell, et al, v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement. Your objection must be received by the Court **no later than _______________. You may send your objection for filing by e-mail, preferably in PDF format, to PAED_DOCUMENTS@paed.uscourts.gov. You may also file your objection by mail. To do so, you should send your objection to**:

Clerk of the Court
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

The objection must refer prominently to this case name: *Pinnell, et al, v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738 (E.D. Pa.).

A copy of your objection must also be provided to Class Counsel and Defense Counsel by email to settlement@CapozziAdler.com or to the following respective addresses for Class and Defense Counsel:

| Class Counsel | Defense Counsel |
| --- | --- |
| Mark K. Gyandoh<br>Capozzi Adler, P.C.<br>312 Old Lancaster Rd<br>Merion Station, Pennsylvania 19066 | Deborah S. Davidson<br>Morgan, Lewis & Bockius, LLP<br>77 Wacker Drive, Fifth Floor<br>Chicago, IL 60601 |

**THE FAIRNESS HEARING**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak, but you do not have to participate in the Fairness Hearing to have your objection considered. **It is your obligation to ensure that your written objection is filed with the Court by no later than __________________.**

Deleted: must

Deleted: with

Deleted: the Clerk of the Court of the United States District Court for the Eastern District of Pennsylvania no later than _______________. The address is

Deleted: , respectively, at

Deleted: ¶

Formatted: Font: Bold

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold the Fairness Hearing at ______ _.m. on ________________, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106 before the Hon. Mark A. Kearney, or such other courtroom as the Court may designate. **The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference. If you wish to participate you should confirm the date and time of the Fairness Hearing with Class Counsel or check the settlement website before doing so.** At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs. The Parties do not know how long these decisions will take or whether appeals will be filed.

Deleted:

**DO I HAVE TO PARTICIPATE IN THE HEARING?**

No, but you are welcome to do so. If you file an objection, you do not have to participate in the Fairness Hearing to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement. You also may pay your own lawyer to participate in the Fairness Hearing, but such participation is also not necessary.

**MAY I SPEAK AT THE HEARING?**

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing and present your objections to the Court. You may participate in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing AND you file a Notice of Intention To Participate, as described in this paragraph. To do so, you must file with the Court a letter or other paper called a "Notice of Intention To Participate in Fairness Hearing in *Pinnell, et al, v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738 (E.D. Pa.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention To Participate must be received by the attorneys listed in the answer to Question 13 above, no later than ________________, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

**IF YOU DO NOTHING**

**WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.

**GETTING MORE INFORMATION**

**ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above. Copies may also be obtained at a dedicated Settlement website, www.TevaERISAsettlement.com, by calling the toll-free number, xxx-xxx-xxxx, or by sending an email to Settlement@CapozziAdler.com. You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**