**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERRY PINNELL**, *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO.  19-5738** |
| | : | |
| **TEVA PHARMACEUTICALS USA,** | : | |
| **INC.**, *et al.* | : | |

## ORDER

  **AND NOW**, this 7th day of December 2020, upon considering Plaintiffs' renewed Motion for Preliminary Approval of a Class Action Settlement, Preliminary Certification of Settlement Class, Approval of Class Notice, and Scheduling of a Fairness Hearing (ECF Doc. No. 71), the Class Action Settlement Agreement (ECF Doc. No. 71-3), Declaration of Mark K. Gyandoh, Esquire (ECF Doc. No. 71-2), the Long Form Notice (ECF Doc. No. 71-3 (Ex. A)), proposed Plan of Allocation (ECF Doc. No. 71-3 (Ex. B), proposed Notice under the Class Action Fairness Act of 2005 (ECF Doc. No. 71-3 (Ex. E)), following our November 30, 2020 noticed hearing on Plaintiffs' Motion, and incorporating the parties' agreements during the hearing relating to the terms of a supplemental agreement addressing our earlier concerns with consideration paid to each class member in exchange for a release and expanded notice obligations mindful of COVID-19 mitigation, it is **ORDERED** Plaintiffs' renewed Motion (ECF Doc. No. 71) is **GRANTED**:

### *Preliminary Approval of Settlement*

  1.  We preliminarily approve the Settlement[1] as being fair, reasonable and adequate, and in the best interest of Plaintiff and putative Class Members, defined below.[2]  A settlement of

---

[1] We adopt the terms and definitions in Article I the Settlement Agreement (ECF Doc. No. 71-3) to the extent not inconsistent with this Order.

the Class Members' claims under the Amended Class Action Complaint (ECF Doc. No. 10) and the Settlement is the most expeditious, efficient, and fair means of resolving such claims. This Order shall govern to the extent terms in the Settlement differ from obligations imposed by this Order.  The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of a claim or right of any person or entity to participate in the Settlement are under this Court's authority.

2.      The Settlement and the negotiations or proceedings connected with it shall not be construed as an admission or concession by the Defendants as to the validity of claims or as to the truth of the allegations of any liability, fault, or wrongdoing of any kind.

3.      Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and concluded the Settlement is fair, reasonable, and adequate.

4.      If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation.

---

[2] Preliminary approval is not a rubber stamp of a proposed agreement. *In re Nat'l Football Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 715 (E.D.Pa. 2014).  As we addressed during our preliminary approval hearing, we must screen for "obvious" problems and deficiencies and ensure the settlement negotiations occurred at arm's length; sufficient discovery; and, the proponents are experienced in similar litigation. *Kopchak v. United Resource Systems¸et al.*, No. 13-5884, 2016 WL 4138633 (E.D.Pa. Aug. 4, 2016)(citing *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 324 (E.D.Pa. 2014)).  The Settlement satisfies each of these tests:  we addressed and previewed our concerns with the claims settlement process and noticed counsel of our need to review issues at final approval; the Plaintiffs described the settlement negotiations at arm's length after reviewing thousands of documents and considering the possible range of recovery after our March 31, 2020 Order (ECF Doc. No. 26) denying the motion to dismiss and mindful of the imminent rulings on pending summary judgment and class certification motions; and, counsel for all parties demonstrated their acuity in this complex and rapidly developing area of fiduciary obligations.

5.      The amount of the Settlement of two million, five hundred fifty thousand dollars ($2,550,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The Settlement includes a possible award of attorneys' fees up to $850,000, reimbursed reasonable expenses up to $50,000, and up to a $15,000 Case Contribution Award to each Plaintiff.  These payments are subject to proofs and our scrutiny before final approval. The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims.  The Settlement terms related to attorneys' fees, expenses, or Case Contribution Awards do not raise questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Class Settlement Amount is within the range of settlement values obtained in similar cases.

6.      At all times, Plaintiffs and Class Counsel acted independently of the Defendants and in the interest of the Settlement Class.

7.      The proposed Plan of Allocation is fair, reasonable, and adequate.

8.      **Establishment of Qualified Settlement Fund**: We approve the common fund agreed by the Settling Parties in the Settlement Agreement known as the "Settlement Fund."  The parties agree the Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code.  The Settlement Fund shall be funded and administered under the Settlement.  Defendants shall have no withholding, reporting or tax reporting responsibilities regarding the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement. Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or

3

the disbursement of monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information necessary for settlement administration under the Settlement Agreement.

9.      **Class Findings**:  The Court preliminarily finds, for settlement purposes only, the Plaintiffs conditionally satisfied prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b):

a.      The Class for settlement purposes ("Settlement Class") means:  **All persons who participated in the Plan at any time during the Class Period (December 6, 2013 through June 28, 2019), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendant and their Beneficiaries**;

b.      The Settlement Class consists of at least ten thousand Plan participants during the Class Period ascertainable from Plan records and is so numerous joinder is impracticable;

c.      There are one or more questions of law or fact common to Class Members including whether Defendants breached fiduciary duties in managing the Plan's offered investments and if so, how to value alleged losses;

d.      Plaintiffs' claims are typical of the claims of Settlement Class Members arising from Defendants' uniform conduct resulting in alleged economic injury;

e.      Plaintiffs will fairly and adequately protect the interests of Settlement Class Members as (i) Plaintiffs' counsel are extensively experienced in this subject, qualified and generally able to conduct this litigation; and (ii) Plaintiffs' interests are not antagonistic to the interests of the Settlement Class Members;[3]

f.      Prosecution of separate actions by individual Settlement Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of Settlement Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person's ability to protect their interests; and,

g.      A class action is a superior mechanism to fairly and efficiently adjudicate this controversy.

---

[3] As more fully detailed in the November 30, 2020 hearing, we discussed the parties' agreement requiring all Settlement Class Members to release claims but only allowing persons filing claims exceeding $10.00 to be paid for their release.  We viewed this distinction as potentially unfair as persons release claims arguably without consideration. Courts have found settlements unfair when one part of the class receives relief while another part of the class does not.  William B. Rubenstein, Newberg on Class Actions §1360 (5th ed) (noting differential treatment among class members is a "red flag"); *Petruzzi's v. Darling-Delaware Co., Inc.*, 880 F. Supp. 292, 301 (M.D. Pa. 1995).  In *Petruzzi's*, Judge Vanaskie would not approve a proposed settlement as "fair, adequate and reasonable" where the proposed relief was to be distributed only to certain class members, while claims of all class members would be discharged.  Citing concerns where the proposed settlement "provides *no* economic benefits to a substantial portion of the class," the court noted "independent research has not disclosed a case that sanctions a settlement that provides direct economic benefit to 50% of the class in exchange for release from 100% of the class." *Id.* at 299, 301; *see also Date v. Sony Electronics*, No. 07-15474, 2009 WL 435289 (E.D. Mich 2009); *Parker v. Time Warner Enetertainment Co.*, 239 F.R.D. 318 (E.D.N.Y. 2007). Counsel has now adjusted the Plan of Allocation to ensure each Settlement Class Member receives a minimum of $10 in exchange for their release.

10.     **Class Representatives**:  Named Plaintiffs Jerry Pinnell, Jeremy Fernandez and Shane Perrilloux are adequate and typical class representatives, and we appoint them as class representative for all Settlement Class Members.

### *Class Counsel*

11.     Following review of Mark K. Gyandoh's Declarations (ECF Doc. Nos. 68-2, 71-2) and under Fed.R.Civ.P. 23(g), we appoint Capozzi Adler, P.C. as Class Counsel upon considering (i) the work Class Counsel did in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted here; (iii) Class Counsel's knowledge of applicable law, and how those laws apply to the claims; and, (iv) the resources Class Counsel committed to representing Plaintiffs and the class as fiduciaries. Based on these factors, the Court finds Class Counsel has and will continue to represent fairly and adequately the interests of Settlement Class Members.

12.     Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. A Settlement Class Member who or which does not enter an appearance will be represented by Class Counsel.

13.     **Settlement Administrator**:  Having confirmed no conflicts with the parties or counsel, we approve JND Legal Administration (www.JNDLA.com) as Settlement Administrator and Escrow Agent to administer the Settlement:

a.     All funds held by the JND Legal Administration shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to our jurisdiction, until we enter an Order distributing funds.

6

b.      The Settlement Administrator may make disbursements out of the Settlement Fund only in accord with this Order or additional Orders.  The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accord with the Settlement Agreement; provided, however, the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.  The Court and the Settlement Administrator recognize there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement fund.  The Settlement Administrator shall, in accord with the Settlement Agreement, determine, withhold and pay over to the appropriate taxing authorities all taxes due with respect to distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities all reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay all income taxes owing with respect to the income earned by the Settlement Fund.  The Settlement Administrator shall also file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement

7

Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions, and including investing, allocating and distributing the Settlement Fund, and supervising the administration of the Settlement Agreement in accord with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection under our Orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund; and, other information which the Settlement Administrator considers relevant to showing the Settlement Fund is being administered, and awards are being made, in accord with the purposes of the Settlement Agreement, this Order, and future Orders.

14. **Approved Notices to Settlement Class**: We approve the form of Notice of Proposed Settlement of Class Action ("Notice"), attached as Exhibit "A" (to be modified and supplemented to conform to this Order) and require strict compliance:

a. **On or before January 6, 2021**, JND Legal Administration shall cause the Settlement Notice, with such non-substantive modifications as may be agreed upon by the Parties, to be placed on the settlement website (www.TevaERISAsettlement.com), emailed to all known email addresses of the Settlement Class Members, and sent by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort. Before mailing the Settlement Notice, JND Legal Administration shall

conduct an advanced address research (via skip-trace databases) to identify current mailing address information for each Settlement Class member.  JND Legal Administration must update the Settlement Class member address information using data from the National Change of Address ("NCOA") database.  After mailing the Settlement Notice, JND Legal Administration shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

        b.      The content of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

        c.      **On or before January 15, 2021**, Class Counsel and the Settlement Administrator shall file an affidavit proving compliance with ¶ 14 of this Order.

15.    The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

16.    **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations under CAFA.

17.    Neither the Defendants and their Related Parties nor Defendants' counsel shall have responsibility for the Plan of Allocation nor will applications for attorneys' fees or expenses filed by Class Counsel or expenses, and such matters be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18.    **Binding Effect**: All Members of the Settlement Class who or which do not request exclusion from the Settlement Class shall be bound by all determinations and judgments

concerning the Settlement, including, but not limited to, the release, whether favorable or unfavorable to the Settlement Class, whether such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

### *Objections to the Settlement*

19.    Any Member of the Settlement Class may file a **written objection to the proposed Settlement** and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded.

20.    **Motions in Support of Final Settlement Approval and for attorney fees and expenses and Case Contribution Awards**: Class Counsel shall move for final approval of the Settlement including addressing attached unresolved objections, dismissal, application by Class Counsel for attorney's fees and reimbursement of litigation expenses with supporting billing records, and Case Contribution Awards no later than **March 15, 2021**. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on www.TevaERISAsettlement.com. The Parties shall comply with the terms of the Settlement and this Order until such time as we can make a final determination as to the propriety of the Settlement at the Final Approval Hearing.

21.    **Objections to Settlement**: Any member of the Settlement Class or authorized recipient of a CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering

the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for timely filing objections with the Court is as follows:

**By email** to: [paed_documents@paed.uscourts.gov](mailto:paed_documents@paed.uscourts.gov)

By First Class Mail to:
Clerk of Court
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re: Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.,
    Civil Action No. 2:29-cv-05738 (E.D. Pa.)

The objector or his, her, or its counsel (if any) must timely file the objection(s) and supporting materials either by email or First Class Mail with the Court and email to the Settlement website or mail a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than **April 12, 2021**. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than **April 12, 2021**.  Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Class Members seeking to file memoranda in support of their objections shall do so on or before **April 19, 2021**.

22.     Any responses to objections shall be filed with the Court no later than **April 26, 2021**.

23.     **Participation in Final Approval Hearing**: Any objector who files a timely, written objection above may also participate in the Fairness Hearing either in person or through telephonic medium with the option to be represented by counsel retained at the objector's expense. Objectors or their attorneys intending to participate in at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than **April 27, 2021**. Any objectors, or their counsel, who does not timely file a notice of intention to participate in accordance with this paragraph may not be permitted to speak at the Fairness Hearing, except for good cause shown.

### *Final Approval Hearing*

24.     We will hold a Final Approval Hearing on **May 3, 2021** at **9:30 A.M., United States Courthouse, 601 Market Street, Courtroom 6B, Philadelphia, Pennsylvania 19106** to determine whether: (a) the Class should be finally certified as a class action under Fed.R.Civ.P. 23(a) and (b); the terms and conditions provided in the Settlement Agreement including the Plan of Allocation, are fair, reasonable, and adequate and should be finally approved based, in part, on resolving objections; the Released Claims should be dismissed with prejudice; the Class Members' representation by Lead Plaintiffs and Class Counsel satisfy Fed.R.Civ.P. 23; Class Counsel's application for an award of attorneys' fees not exceeding $850,000, expenses not to exceed $50,000, and a $15,000 Case Contribution Award to each named Plaintiff, should be approved; and, any other issues necessary for approval.

25.     Attendance at the Final Approval Hearing is not necessary. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

26.     Depending on COVID-19 mitigation, we may set this hearing to be held telephonically or by video sharing service as timely noticed on the Settlement Website.

27.     Should we grant final approval and grant Class Counsel's Motion for attorneys' fees, costs and expenses or approve a Case Contribution Award, the Settlement Administrator shall disburse these payments _after_ issuing payment by deposit or check to the Settlement Class Members, subject to Class Counsel seeking an interim award for reimbursement of approved expenses upon a showing of need.

28.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid by the Qualified Settlement Fund.  In the event we do not finally approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs nor their counsel shall be obligated to repay amounts incurred and properly disbursed.

29.     At or after the Final Approval Hearing, we will issue an Order on Class Counsel's motion for an award of attorneys' fees, reimbursement of reasonable expenses, and a Case Contribution Award to named Plaintiffs.

30.     At or after the Final Approval Hearing, we shall determine whether the Plan of Allocation proposed by Class Counsel is approved.

31.     We reserve the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class and retain jurisdiction to consider all

further applications arising out of or connected with the proposed Settlement.  We may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.  We further reserve the right to enter the Judgment approving the Settlement regardless of whether we approve the Plan of Allocation or award attorneys' fees and/or expenses.

32.     If the Settlement is not approved at the Final Approval Hearing or consummated for any reason, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

33.     **Stay**: Unless ordered otherwise, all proceedings in this case including obligations under our April 16, 2020 Order (ECF Doc. No. 31) are **stayed**, except as may be necessary to implement the Settlement, comply with the terms of the Settlement Agreement, or other agreement of the Parties approved by us.  Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor a Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any of Released Claim against any of the Defendants in an action or proceeding in a court or tribunal.

_____
**KEARNEY, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY PINNELL, et al., <br><br>           **Plaintiffs,** <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, <br> INC., et al., <br><br>           **Defendants.** | Civil Action No. 2:19-cv-05738-MAK |

### NOTICE OF CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

### PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

You are receiving this Notice of Class Action Settlement ("Notice") because the records of the Teva Pharmaceuticals Retirement Savings Plan (the "Plan") indicate that you were a participant in the Plan who maintained a balance of any amount at any point during the period from December 6, 2013 through June 28, 2019, (the "Class Period"). As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

This Notice contains summary information with respect to the Settlement. The complete terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Notice, but not defined in this Notice, have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.TevaERISAsettlement.com.

The Court in charge of this case is the United States District Court for the Eastern District of Pennsylvania. The persons who sued on behalf of themselves and the Plan are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux. The Defendants are Teva Pharmaceuticals USA, Inc., the Board of Directors of Teva Pharmaceuticals USA, Inc., and the Teva Pharmaceuticals USA, Inc. Investment Committee. The Action is known as *Pinnell, el al., v. Teva, et al.*, No. 2:19-cv-05738 (E.D. Pa.).

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO FILE A CLAIM IF YOU ARE ENTITLED TO A PAYMENT UNDER THE SETTLEMENT AGREEMENT.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to file a claim in order to receive a Settlement payment if you are entitled to receive a payment under the Settlement Agreement. |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED.** | If you are currently participating or have an account balance in the Plan and are a Settlement Class member, any share of the Net Settlement Amount to which you are entitled will be deposited into your Plan account. If you are a Former Participant (*i.e.*, no longer a participant in the Plan) and are a Settlement Class member, such funds shall be paid directly to you by the Settlement Administrator. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY** <br><br>         . | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and the attorneys for the Parties about why you object to the Settlement. |
| **YOU MAY PARTICIPATE IN THE FAIRNESS HEARING TO BE HELD ON** <br><br> _____. | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing about the Settlement and present your objections to the Court. You may participate in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file or submit a written objection in advance of the Fairness Hearing AND you file a Notice of Intention To Appear, as described in the answer to Question 16 in this Notice. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

QUESTIONS? VISIT WWW.TEVAERISASETTLEMENT.COM OR CALL TOLL-FREE XXX-XXX-XXXX

DO NOT CONTACT THE COURT OR TEVA WITH YOUR QUESTIONS.

- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting the following Class Counsel:

Mark K. Gyandoh
CAPOZZI ADLER. P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103

Class Counsel has established a toll-free phone number to receive your comments and questions: XXX-XXX-XXXX. You may also send an email to settlement@CapozziAdler.com. You should contact Class Counsel with any questions regarding this Settlement, not the Court, Teva, or counsel for the Defendants.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF SETTLEMENT ........................................................................................................... 2
BASIC INFORMATION .................................................................................................................... 3
   1. WHY DID I GET THIS NOTICE PACKAGE? ..................................................................... 3
   2. WHAT IS THE ACTION ABOUT? ..................................................................................... 3
   3. WHY IS THIS CASE A CLASS ACTION? ........................................................................... 4
   4. WHY IS THERE A SETTLEMENT? ................................................................................... 4
   5. HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? ..................................... 4
THE SETTLEMENT BENEFITS—WHAT YOU GET .............................................................................. 5
   6. WHAT DOES THE SETTLEMENT PROVIDE? ..................................................................... 5
   7. HOW MUCH WILL MY PAYMENT BE? ............................................................................. 5
   8. HOW MAY I RECEIVE A PAYMENT? ............................................................................... 6
   9. WHEN WOULD I GET MY PAYMENT? .............................................................................. 6
   10. CAN I GET OUT OF THE SETTLEMENT? ......................................................................... 6
THE LAWYERS REPRESENTING YOU .............................................................................................. 6
   11. DO I HAVE A LAWYER IN THE CASE? ............................................................................ 7
   12. HOW WILL THE LAWYERS BE PAID? ............................................................................. 7
   13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? ................................. 7
THE FAIRNESS HEARING .............................................................................................................. 7
   14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? ... 8
   15. DO I HAVE TO COME TO THE HEARING? ....................................................................... 8
   16. MAY I SPEAK AT THE HEARING? ................................................................................... 8
IF YOU DO NOTHING ................................................................................................................... 8
   17. WHAT HAPPENS IF I DO NOTHING AT ALL? ................................................................... 8
GETTING MORE INFORMATION ..................................................................................................... 8
   18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? ................................................ 8

## SUMMARY OF SETTLEMENT

This litigation (the "Action") is a class action in which Named Plaintiffs Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under ERISA by, among other things, failing to attempt to reduce the Plan's expenses or and selecting for the Plan individual investment options that purportedly charged excessive fees compared to "similar" investment options available to the Plan. A copy of the Complaint as well as other documents filed in the Action are available at www.TevaERISAsettlement.com or from Class Counsel. Defendants have denied and continue to deny all of the claims and allegations in the Action and deny any liability or wrongful conduct of any kind.

A Settlement Fund consisting of $2,550,000.00 (two million, five hundred fifty thousand U.S. dollars) in cash (the "Gross Settlement Amount") is being established in the Action. The Gross Settlement Amount will be deposited into an escrow account, and the Gross Settlement Amount, together with any interest earned, will constitute the Settlement Fund. Payment of any taxes, approved attorneys' fees and litigation expenses and payment of Case Contribution Awards to the Named Plaintiffs, and costs of administering the Settlement will be paid out of the Settlement Fund. After the payment of such fees, expenses, and awards, the amount that remains will constitute the Net

Settlement Amount.  The Net Settlement Amount will be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants strongly dispute the claims asserted in the Action and deny that they ever engaged in any wrongdoing, violation of law or breach of duty.  Further, Named Plaintiffs would face an uncertain outcome if the Action were to continue.  Although the Court denied Defendants' motion to dismiss the Action, this case was far from over.  Prior to settling, two motions were pending before the Court: Plaintiffs' motion for class certification and Defendants' motion for partial summary judgment.  An unfavorable ruling for Plaintiffs on either of the two motions would have severely diminished the value of this Action.  Additionally, the Parties had yet to engage in expert discovery regarding the merits of the Action.  Absent settlement, Defendants would present evidence that they reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations.  As a result, continued litigation could result in a judgment in favor of the Defendants and against the Named Plaintiffs and Class.  Even if the Named Plaintiffs and Class prevailed, they might recover a judgment greater or less than the benefits obtained as part of the Settlement, or no recovery at all.

The Named Plaintiffs and the Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs were to prevail at trial.  The Defendants deny all claims and contentions by the Named Plaintiffs.  The Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan has suffered any damages for which the Defendants could be held legally responsible.  Having considered the uncertainty, costs and risks inherent in any litigation, particularly in a complex case such as this, the Named Plaintiffs and Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty-three and one third percent (33 1/3%) of the Settlement Amount (a maximum amount of $850,000.00), plus reimbursement of expenses.  Any amount awarded will be paid from the Settlement Fund.  Defendants have no responsibility for payment of such fees and expenses.

## WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the Net Settlement Amount on the same basis as all other members of the Settlement Class.  In addition, the Named Plaintiffs will ask the Court to award up to $15,000 to each of the Named Plaintiffs as Case Contribution Awards for their participation in the Action and representation of the Settlement Class.  Any such awards will be paid solely from the Settlement Fund.

## BASIC INFORMATION

### WHY DID I GET THIS NOTICE PACKAGE?

You or someone in your family may have been a participant in or a beneficiary of the Plan during **the period from December 6, 2013 to June 28, 2019**, during which time your Plan account included investments in any of the Plan's investment options.

The Court directed that this Notice be sent to you because if you fall within the definition of the Settlement Class, you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be distributed to the Settlement Class members according to a Court-approved Plan of Allocation described below.  This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### WHAT IS THE ACTION ABOUT?

The Action claims that under ERISA, the Defendants owed fiduciary duties of loyalty, care, and prudence to the Plan and that they violated those duties in connection with the selection and monitoring of the Plan's investment options.  During the Class Period, participants in the Plan were able to allocate their account balances among various investment funds.  Named Plaintiffs allege that because the Plan had nearly two billion dollars in assets, it had substantial bargaining power regarding the fees and expenses that were charged against participants' investments.  Named Plaintiffs further allege that Defendants, however, did not try to reduce the Plan's expenses and selected for the Plan individual investment options that purportedly charged excessive fees compared to "similar" investment options available to the Plan.  Additionally, Named Plaintiffs allege Defendants failed to prudently monitor the recordkeeping fees charged to Plan participants.  Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants such as enrollment,

implementing participants' investment selections, maintaining the plan website and call center, and providing individual account statements to participants.

**THE DEFENSES IN THE ACTION**

Defendants deny all of the claims and allegations made in the Action and deny that they ever engaged in any wrongful conduct. If the Action were to continue, Defendants would raise numerous defenses to liability, including:

> Defendants did not engage in any of the allegedly improper conduct charged in the Complaint;
> Defendants reasonably and prudently managed the Plan's investment options and fees and fulfilled all of their fiduciary obligations;
> The Plan's investment options were and are reasonable, prudent, and sound investment options for Plan participants;
> Even if a court were to determine that Defendants failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

**THE ACTION HAS BEEN AGGRESSIVELY LITIGATED**

Class Counsel has extensively investigated the allegations in the Action. Among other efforts, Class Counsel reviewed Plan-governing documents and materials, communications with Plan participants, U.S. Department of Labor filings, news articles and other publications, and other documents regarding the general and specific matters that were alleged in the original complaint filed on December 6, 2019 and the amended complaint filed on February 5, 2020. In the amended complaint (referred to here as the "Complaint"), Plaintiffs allege that Defendants breached the fiduciary duties of prudence and loyalty under ERISA by selecting for the Plan individual investment options that purportedly charged excessive fees compared to "similar" investment options available to the Plan. Plaintiffs also allege that Defendants allowed the Plan to pay excessive administrative expenses. This matter was set to go to trial on February 16, 2021. Over the last several months leading up to settlement, the Parties engaged in significant discovery, including the taking of the Named Plaintiffs' depositions and exchange of documents.

**SETTLEMENT DISCUSSIONS**

On October 13, 2020, the Parties mediated the Action under the supervision of Hunter Hughes, Esq., a mediator experienced in ERISA and other complex class actions. During the full-day mediation, counsel for the Parties conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, eventually resulting in the Parties agreeing to a proposed Settlement. The Parties subsequently negotiated the specific terms of the Settlement Agreement and related documents. On November 18, 2020, Named Plaintiffs filed a motion seeking preliminary approval of the Settlement as well as seeking related relief.

---

**WHY IS THIS CASE A CLASS ACTION?**

---

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the conduct alleged in this Action is claimed to have affected a large group of people – participants in the Plan during the Class Period – in a similar way, the Named Plaintiffs filed this case as a class action.

---

**WHY IS THERE A SETTLEMENT?**

---

As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all or in a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class members.

---

**HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?**

---

You are a member of the Settlement Class if you have not previously released your legal claims against Teva pursuant to a Separation Agreement that covers the entirety of the Class Period in this case, and if you fall within the definition of the Settlement Class preliminarily approved by Judge Mark Kearney:

All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their beneficiaries.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| WHAT DOES THE SETTLEMENT PROVIDE? |
| --- |

Provided that the Settlement becomes Final, a Settlement Fund consisting of $2,550,000 will be established in the Action. The amount of money that will be allocated among members of the Settlement Class, after the payment of any taxes and Court-approved costs, fees, and expenses, including attorneys' fees and expenses of Class Counsel, any Court-approved Case Contribution Awards to be paid to the Named Plaintiffs, and payment of expenses incurred in calculating the Settlement payments and administering the Settlement, is called the Net Settlement Amount. The Net Settlement Amount will not be known until these other amounts are quantified and deducted. The Net Settlement Amount will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation describes how Settlement payments will be distributed to Settlement Class members who receive a payment.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the Released Parties from Released Claims. The Released Parties are (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors In Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and the Plan's current and past fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers and parties-in-interest; and (e) Defendants' independent contractors, representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them. Released Claims are defined in the Settlement Agreement and include all claims that were or could have been asserted in the Action, whether known or unknown. This means, for example, that Settlement Class members will not have the right to sue the Released Parties for failure to prudently select and monitor the Plan's investment options or fees, or related matters, that occurred during the Class Period.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Released Parties and Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.TevaERISAsettlement.com or by contacting Class Counsel listed on Page 2 above.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation by a third-party vendor ("Settlement Administrator") selected by Class Counsel. You are not required to calculate the amount you may be entitled to receive under the Settlement as the Settlement Administrator will do so under the Plan of Allocation. In general, your proportionate share of the Settlement will be calculated as follows:

- First, the Settlement Administrator will obtain balances for each Settlement Class member in their Plan accounts as of December 31, 2013, and at the end of each quarter during the Class Period (March 31, June 30, September 30, and December 31) up to and including March 31, 2019, with final data of as June 28, 2019. Each Class Member's account balances for each year of the Class Period based on the account balances as of these dates will be summed. This summed amount will be that Class Member's "Balance." With regard to this first step of the calculation, different data will be utilized for Class Members who signed Separation Agreements with Teva. For these Class Members, the Settlement Administrator will use the balances in the Class Member's Plan account beginning with the first date of the financial quarter following the quarter during which such Class Member entered into the Separation Agreement through the end of the Class Period.

- Second, the Balance for all Class Members will be summed.

- Third, each Class Member will receive a share of the Net Settlement Amount in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members, i.e. where the numerator is the Class Member's Balance and the denominator is the sum of all Class Members' Balances.

- The amounts resulting from this initial calculation will be known as the Preliminary Entitlement Amount. Class Members who are entitled to a distribution of less than $10.00 will receive a distribution of $10.00 (the "De Minimis Amount") from the Net Settlement Amount. In other words, the Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount until the lowest participating Class Member award is the De Minimis Amount, i.e. $10.00. The resulting calculation shall be the Final Entitlement Amount for each Class Member. The sum of the Final Entitlement Amount for each Class Member will equal the dollar amount of the Net Settlement Amount.

**You will not be required to produce records that show your Plan activity**. If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the Plan's records for your account. If you have questions regarding the allocation of the Net Settlement Amount, please contact Class Counsel listed on Page 2 above.

| **HOW MAY I RECEIVE A PAYMENT?** |
| --- |

You do not need to file a claim. The Entitlement Amount for Settlement Class members with an Active Account (an account with a positive balance) as of September 30, 2020, will be paid into the Plan. Former Participants will be paid directly by the settlement administrator by check. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above. Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.

| **WHEN WOULD I GET MY PAYMENT?** |
| --- |

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval of the Settlement by an independent fiduciary to the Plan, transfer of the Net Settlement Amount to the Plan, and calculation of the amount of the Settlement owed to each Settlement Class member. If objections are made to the Settlement or appeals are taken by objectors who oppose the approval of the Settlement, this process may take a long time to complete, possibly several years.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed again as if the Settlement Agreement had not been entered into. The Settlement is not conditioned upon the Court's approval of attorneys' fees or the reimbursement of expenses/costs sought by Class Counsel, the Case Contribution Awards sought by the Named Plaintiffs, or any appeals solely related thereto.

| **CAN I GET OUT OF THE SETTLEMENT?** |
| --- |

**You do not have the right to exclude yourself from the Settlement**. The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class members to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, see the answer to Question 13 below.

**THE LAWYERS REPRESENTING YOU**

QUESTIONS? VISIT WWW.TEVAERISASETTLEMENT.COM OR CALL TOLL-FREE XXX-XXX-XXXX

DO NOT CONTACT THE COURT OR TEVA WITH YOUR QUESTIONS.

| **DO I HAVE A LAWYER IN THE CASE?** |
| --- |

The Court has preliminarily appointed the law firm of Capozzi Adler, P.C. as Class Counsel for the Named Plaintiffs in the Action. You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **HOW WILL THE LAWYERS BE PAID?** |
| --- |

Class Counsel will file a motion for the award of attorneys' fees of not more than one third (33 1/3%) of the Settlement Amount, plus reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $50,000. This motion will be considered at the Fairness Hearing described below.

**OBJECTING TO THE ATTORNEYS' FEES**

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

| **HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?** |
| --- |

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Pinnell, et al, v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement. Your objection must be received by the Court **no later than _____. You may send your objection for filing by e-mail, preferably in PDF format, to PAED_DOCUMENTS@paed.uscourts.gov. You may also file your objection by mail. To do so, you should send your objection to**:

Clerk of the Court
United States District Court, Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

The objection must refer prominently to this case name: *Pinnell, et al, v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738 (E.D. Pa.).

A copy of your objection must also be provided to Class Counsel and Defense Counsel by email to settlement@CapozziAdler.com or to the following respective addresses for Class and Defense Counsel:

| <u>Class Counsel</u> | <u>Defense Counsel</u> |
| --- | --- |
| Mark K. Gyandoh | Deborah S. Davidson |
| Capozzi Adler, P.C. | Morgan, Lewis & Bockius, LLP |
| 312 Old Lancaster Rd | 77 Wacker Drive, Fifth Floor |
| Merion Station, Pennsylvania 19066 | Chicago, IL 60601 |

**THE FAIRNESS HEARING**

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may participate in the Fairness Hearing, **which may be held telephonically or by video conference,** and you may ask to speak, but you do not have to participate in the Fairness Hearing to have your objection considered. **It is your obligation to ensure that your written objection is filed with the Court by no later than _____.**

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Fairness Hearing at _____ _ m. on _____, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106 before the Hon. Mark A. Kearney, or such other courtroom as the Court may designate.  **The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and also may schedule the hearing to be done by telephone or video conference.  If you wish to participate you should confirm the date and time of the Fairness Hearing with Class Counsel or check the settlement website before doing so.**  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for the Named Plaintiffs.  The Parties do not know how long these decisions will take or whether appeals will be filed.

## DO I HAVE TO PARTICIPATE IN THE HEARING?

No, but you are welcome to do so.  If you file an objection, you do not have to participate in the Fairness Hearing to talk about it.  As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement.  You also may pay your own lawyer to participate in the Fairness Hearing, but such participation is also not necessary.

## MAY I SPEAK AT THE HEARING?

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) participate in the Fairness Hearing and present your objections to the Court.  You may participate in the Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Fairness Hearing if you file a written objection in advance of the Fairness Hearing AND you file a Notice of Intention To Participate, as described in this paragraph.  To do so, you must file with the Court a letter or other paper called a "Notice of Intention To Participate in Fairness Hearing in *Pinnell, et al, v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738 (E.D. Pa.)."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention To Participate must be received by the attorneys listed in the answer to Question 13 above, no later than _____, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

### IF YOU DO NOTHING

## WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.

### GETTING MORE INFORMATION

## ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes.  This Notice summarizes the proposed Settlement.  The complete terms are set forth in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above.  Copies may also be obtained at a dedicated Settlement website, www.TevaERISAsettlement.com, by calling the toll-free number, xxx-xxx-xxxx, or by sending an email to Settlement@CapozziAdler.com.  You are encouraged to read the complete Settlement Agreement.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE.  THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**