## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JERRY PINNELL, JEREMY FERNANDEZ )
AND SHANE PERRILLOUX, individually )
and on behalf of all others similarly situated, )
                                    )
                 Plaintiffs, )
                                    )
     v.                              )
                                    )
TEVA PHARMACEUTICALS USA, INC., )
BOARD OF DIRECTORS OF TEVA )
PHARMACEUTICALS USA, INC., TEVA )
PHARMACEUTICALS USA, INC. )
INVESTMENT COMMITTEE, and JOHN )
AND JANE DOES 1-30. )
                     Defendants. )

**CIVIL ACTION NO**.:
**2:19-CV-05738-MAK**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND <u>CASE CONTRIBUTION AWARDS TO THE NAMED PLAINTIFFS</u>**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  ARGUMENT ....................................................................................................2

   A.   Standard of Review ....................................................................................2

   B.   A Fee Equal to 33-1/3% of the Common Settlement Fund is Fair and Reasonable 3

      1.   The Size of the Fund Created and the Number of Persons Benefitted Supports the Requested Fees ..............................................................5

      2.   The Reaction of the Class to the Settlement .....................................6

      3.   The Skill and Efficiency of the Attorneys Involved ...........................6

      4.   The Complexity and Duration of the Litigation ...............................7

      5.   Class Counsel Undertook the Risk of Nonpayment .........................9

      6.   Class Counsel Devoted A Significant Amount of Time and Labor to the Case ............................................................................10

      7.   The Comparison Between the Requested Attorney Fee Percentage and the Percentages Awarded in Similar Cases .....................................11

      8.   Public Policy Considerations ........................................................12

   C.   The Requested Fees and Expenses Are Fair and Reasonable Under A Lodestar Cross-Check ............................................................................12

   D.   Plaintiffs' Counsel's Expenses Should Be Reimbursed .............................14

   E.   The Case Contribution Awards Are Reasonable ......................................15

III. CONCLUSION ................................................................................................17

# TABLE OF AUTHORITIES

PAGE(S)

**Statutes**

FED. R. CIV. P. 23 .................................................................................................... 2

FED. R. CIV. P. 23(a) 4 ............................................................................................. 7

FED. R. CIV. P. 23(g) ............................................................................................ 6, 7

FED. R. CIV. P. 23(g)(1)(A)(i-iv) ............................................................................ 7

FED. R. CIV. P. 23(g)(4) ........................................................................................... 6

FED. R. CIV. P. 23(h) ............................................................................................... 2

Herbert Newberg & Alba Conte, Newberg on Class Actions, S 14.03 at 14–5 (3d ed.1992) ...... 14

MANUAL FOR COMPLEX LITIGATION (Fourth) § 14.121 (2004) ....................................... 3

**Cases**

*Abrams v. Lightolier, Inc.*,
50 F.3d 1204 (3d Cir. 1995) .............................................................................. 14, 15

*Abbott v. Lockheed Martin Corp.*,
2015 WL 4398475 (S.D. Ill. July 17, 2015) ......................................................... 11

*Anderson v. Principal Life Insurance Co., et al.*,
No. 15-cv-00119 (S.D. Iowa) .................................................................................. 5

*In re AT&T Corp.*,
455 F.3d 160 (3d Cir. 2006) ............................................................................... 5, 15

*Beesley v. International Paper Co.*,
No. 06-cv-0703 (S.D. Ill.) ............................................................................. 4, 11,16

*Bernhard v. TD Bank, N.A.*,
2009 WL 3233541 (D.N.J. 2009) ......................................................................... 16

*Bilewicz v. FMR, LLC*,
No. 13-cv-10636 (D. Mass.) ................................................................................... 4

*Blum v. Stenson*,
465 U.S. 886 (1984) ................................................................................................ 2

*Boeing Co. v. Van Gemert*,
440 U.S. 472 (1980) ................................................................................................ 2, 4, 15

*Blum v. Stenson*,
465 U.S. 886 (1984) ...................................................................................................... 2

*Braden v. Walmart Stores, Inc.*,
588 F.3d 585 (8th Cir. 2009) ........................................................................................ 12

*Caligiuri v. Symantec Corp.*,
855 F.3d 860 (8th Cir. 2017) ........................................................................................ 16

*Camden I Condo. Ass'n v. Dunkle*,
946 F.2d 768 (11th Cir. 1991) ...................................................................................... 14

*Cassell v. Vanderbilt University*,
No. 16-cv-2086 (M.D. Tenn.) ......................................................................................... 4

*In re Cendant Corp. Sec. Litig.*,
404 F.3d 173 (3d Cir. 2005) ...................................................................................... 12, 14

*In re Cendant Corp. PRIDES Litig.*,
243 F.3d 722 (3d Cir. 2001) ......................................................................................... 15

*In re Cigna-American Specialty Health Admin. Fee Litig.*,
2019 WL 4082946 (E.D. Pa. Aug. 29, 2019) .................................................................. 6

*Cook v. Niedert*,
142 F.3d 1004 (7th Cir. 1998) ...................................................................................... 16

*Cullen v. Whitman Medical Corp.*,
197 F.R.D. 136 (E.D. Pa. 2000) ................................................................................ 15, 16

*Cunningham v. City of McKeesport*,
753 F.2d 262 (3d Cir. 1985) ........................................................................................... 4

*Dennard v. Transamerica Corp.*,
No,. 15-cv-00030 (N.D. Iowa) ..................................................................................... 5, 11

*Dewey v. Volkswagen of America*,
728 F.Supp.2d 546 (D.N.J. 2010) ................................................................................. 13

*Diebold et al v. Northern Trust Investments N.A. et al*,
No. 09-cv-1934 (N.D. Ill.) .............................................................................................. 4

*Donald v. Teachers Insurance and Annuity Insurance Association of America*,
No. 15-cv-08040 (S.D.N.Y.) .................................................................................... 5

*Donovan v. St. Joseph County Sheriff*,
2012 WL 1601314 (N.D. Ind. May 3, 2012) ............................................................ 6

*In re Elec. Carbon Products Antitrust Litig.*,
447 F. Supp. 2d 389 (D.N.J. 2006) .......................................................................... 5

*In re First Fidelity Bancorporation Securities Litig.*,
750 F.Supp.160 (D.N.J. 1990) ................................................................................. 3

*In re General Motors Corp. ("GMC") Pick-Up Tuck Fuel Tank Products Liability Litig.*,
55 F.3d 768 (3d Cir. 1995) ....................................................................................... 2

*In re GNC Shareholder Litig.*,
668 F.Supp. 450 (W.D. Pa. 1987) ............................................................................ 3

*Goldberger v. Integrated Resources, Inc.*,
209 F.3d 43 (2d Cir. 2000) ..................................................................................... 12

*Gordan v. Massachusetts Mutual Life Insurance Co.*,
No. 13-cv-30184 (D. Mass.) ............................................................................... 4, 11

*Gunter v. Ridgewood Energy Corp.*,
223 F.3d 190 (3d Cir. 2000) ................................................................................ 5, 13

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ...................................................................................... 15

*Hay v. Gucci America, Inc.*,
No. 17-cv-7148 (D.N.J.) ........................................................................................... 4

*Johnston v. Comerica Mortg. Corp.*,
83 F.3d 241 (8th Cir. 1996) ...................................................................................... 2

*Kelly v. The Johns Hopkins Univ.*,
No. 16-cv-2835 (D. Md.) .......................................................................................... 4

*Kennedy v. ABB, Inc.*,
No. 06-cv- 4305 (W.D. Mo.) ..................................................................................... 4

*Krueger v. Ameriprise Financial, Inc.*,
2015 WL 4246879 (D. Minn. 2015) ............................................................... 4, 11, 15

*Kruger v. Novant Health, Inc.*,
No. 14- cv-0208 (M.D.N.C.) ................................................................. 4, 11

*Local 56, United Food and Commercial Workers Union v. Campbell Soup Co.*,
954 F.Supp. 1000 (D. N.J. 1997) ............................................................. 2

*In re Marsh ERISA Litig.*,
265 F.R.D. 128 (S.D.N.Y. 2010) ............................................................ 15

*Martin v. Caterpillar, Inc.*,
No. 07-cv-1009 (C.D. Ill.) ................................................................... 4, 11

*Mayer v. Driver Solutions, Inc.*,
2012 WL 3578856 (E.D. Pa. Aug. 17, 2012) ........................................... 16

*In re Merck & Co., Inc., Vytorin ERISA Litig.*,
2010 WL 547613 (D.N.J. Feb. 9, 2010) ................................................... 9

*Nolte v. Cigna Corp.*,
No. 07-cv-2046 (C.D. Ill.) ..................................................................... 4

*Pease v. Jackson National Life Ins. Co.*,
No. 17-cv-284 (W.D. Mich.) ................................................................. 5

*Pennsylvania v. Del Valley Citizens' Council for Clean Air*,
478 U.S. 546 (1986) ........................................................................... 13

*Price v. Eaton Vance Corp.*,
18-cv-12098 (D. Mass.) ......................................................................... 5

*In re Processed Egg Products Antitrust Litig.*,
284 F.R.D. 249 (E.D. Pa. 2012) .............................................................. 7

*In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*,
148 F.3d 283 (3d Cir. 1998) ............................................................... 4, 13

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) .............................................................. 12, 13

*In re Safety Components, Inc. Sec. Litig.*,
166 F. Supp.2d 72 (D.N.J. 2001) ........................................................... 14

*Sala v. National R.R. Passenger Corp.*,
128 F.R.D. 210 (E.D. Pa. 1989) .............................................................. 3

*Schapker v. Waddell & Reed Fin., Inc.*,
No,. 17-cv-2365 (D. Kan.) ........................................................................ 5

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
2012 WL 1964451 (D.N.J. May 31, 2012) ............................................... 6, 8

*Schultz v. Edward D. Jones & Co., L.P.*,
No. 126-cv-1346 (E.D. Mo.) ..................................................................... 5

*Sheinberg v. Sorensen*,
606 F.3d 130 (3d Cir. 2010) ...................................................................... 7

*Smith v. Krispy Kreme Doughnut Corp.*,
2007 WL 119157 (N.D.N.C. Jan. 10, 2007) .......................................... 6,8

*In re SmithKline Beckman Corp. Securities Litig.*,
751 F.Supp. 525 (E.D. Pa. 1990) .............................................................. 3

*Spano v. Boeing Co.*,
2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) ....................................... 4,11

*Sprague v. Ticonic*,
307 U.S. 161 (1939) ................................................................................ 14

*Steiner v. Hercules Inc.*,
835 F.Supp. 771 (D.Del. 1993) .................................................................. 3

*Stevens v. SEI Investments Co.*,
No. 18-cv-4205 (E.D. Pa.) ........................................................................ 4

*Terranza v. Safeway, Inc.*,
No. 16-cv-03994 (N.D. Cal.) ..................................................................... 4

*Tussey v. ABB, Inc.*,
2012 WL 1113291 (W.D. Mo. Nov. 2, 2012) ......................................... 16

*In re TSO Financial Litig.*,
1989 WL 80316 (E.D. Pa. July 17, 1989) .................................................. 3

*In re Unisys Corp. Retiree Medical Benefits ERISA Litig.*,
886 F.Supp. 445 (E.D. Pa. 1995) .............................................................. 3

*In re U.S. Bioscience Securities Litig.*,
155 F.R.D. 116 (E.D.Pa. 1994) ................................................................. 3

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ............................................................................ 12

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) .................................................................................................. 3

*Waldbuesser v. Northrop Grumman Corp.*,
2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ......................................................................... 11

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d Cir. 2004) ..................................................................................................... 9

*Will v. General Dynamics*,
No. 06-cv-0698 (S.D. Ill.) ................................................................................................. 4, 11

## I.  INTRODUCTION

Plaintiffs Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux (collectively, "Plaintiffs") brought this case to challenge Defendants' management decisions regarding the Teva Pharmaceuticals Retirement Savings Plan (the "Plan").  Defendants have agreed to settle the case for $2,550,000.00, which represents approximately 77% of the Settlement Class's strongest claims for which Plaintiffs estimated damages to be $3.3 million before interest.  *See* Gyandoh Decl., ¶ 28 (The Gyandoh Declaration is being filed contemporaneously with this memorandum).  This is an excellent result for the Class, achieved through the commitment of time and effort by Plaintiffs, as well as the hard work, skill, and persistence of Class Counsel, Capozzi Adler, P.C ("Capozzi Adler").

Plaintiffs respectfully request the Court approve an award of attorneys' fees equal to 33 1/3% of the $2,550,000.00 settlement fund, an amount equal to $849,915.00, plus reimbursement of litigation expenses in the amount of $13,745.77 to be paid from the Settlement Fund.  In addition, Plaintiffs request the Court approve a modest case contribution award to Plaintiffs Pinnell, Fernandez, and Perrilloux in the amount of $15,000 each, also to be paid from the Settlement Fund, for their time and effort on behalf of the Settlement Class.

## II.  ARGUMENT

### A.  Standard of Review

Plaintiffs' attorneys in a class action may petition the court for compensation for any award to the class resulting from the attorneys' efforts.  *See, e.g., Boeing Co. v. Van Gemert*, 440 U.S. 472 (1980).  Under FED. R. CIV. P. 23, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement."  FED. R. CIV. P. 23(h). Courts utilize two main approaches in analyzing a request for attorneys' fees by class counsel: the

"percentage of the fund" method and the "lodestar" method. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996). Under the percentage-of-recovery method, "the court awards counsel a percentage of the amount recovered for the class in order to reward counsel for their success or penalize them for their failure." *Local 56, United Food and Commercial Workers Union v. Campbell Soup Co.*, 954 F.Supp. 1000, 1003 (D. N.J. 1997) (citing *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984)). The lodestar method, on the other hand, "calculates fees by multiplying the number of hours expended by some hourly rate appropriate for the region and for the experience of the lawyer." *In re General Motors Corp. ("GMC") Pick-Up Tuck Fuel Tank Products Liability Litig.*, 55 F.3d 768, n. 37 (3d 1995). The Third Circuit favors the percentage-of-recovery method. *Local 56,* 954 F.Supp. at 1003 (citing *GMC*, 55 F.3d at 821-22).

Percentage approaches are the standard contingent-fee arrangements in non-class action cases, and thus, the percentage approach best emulates the real-world market value of attorney's services provided on a contingent basis, and properly align the interests of the attorney and the client in achieving the maximum recovery in shortest possible time. *See Steiner v. Hercules Inc.*, 835 F.Supp. 771, 792 (D.Del. 1993) ("The percentage method is widely used in the legal marketplace in contingent fee agreements and better reflects what a client, at the outset of the litigation, is willing to pay.") (internal citations omitted). As such, district courts across the Third Circuit have awarded fees based on the percentage-of-the-fund method.[1] Moreover, the "lodestar

---

[1] *In re U.S. Bioscience Securities Litig.*, 155 F.R.D. 116, 118 (E.D.Pa. 1994) (number of lawyers representing the class (34) is irrelevant in the percentage approach); *Sala v. National R.R. Passenger Corp.*, 128 F.R.D. 210, 214 (E.D. Pa. 1989) (court should apply percentage-of- recovery method in common fund cases when there "are no circumstances suggesting its application would be unjust"); *In re Unisys Corp. Retiree Medical Benefits ERISA Litig.*, 886 F.Supp. 445, 460 (E.D. Pa. 1995) (same); *In re TSO Financial Litig.*, No. CIV.A. 87-7903 et al, 1989 WL 80316, at *6 (E.D. Pa. July 17, 1989); *In re First Fidelity Bancorporation Securities Litig.*, 750 F.Sup. 160 (D.N.J. 1990) (same); *In re SmithKline Beckman Corp. Securities Litig.*, 751 F.Supp. 525, 533

2

method is difficult to apply, time-consuming to administer, inconsistent in result, and capable of manipulation" and "creates inherent incentive to prolong the litigation until sufficient hours have been expended." MANUAL FOR COMPLEX LITIGATION (Fourth) § 14.121 (2004); *see also Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050 n.5 (9th Cir. 2002) ("[I]t is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee . . . ."); *In re First Fidelity Bancorporation Securities Litig.*, 750 F.Supp.160, 162 (D.N.J. 1990) ("Requiring the court to calculate the number of hours devoted by counsel and evaluate the services rendered is unrealistically burdensome and time-consuming."). Applying the percentage-of-recovery method reveals the fee award here is fair and reasonable.

### B. A Fee Equal to 33-1/3% of the Common Settlement Fund is Fair and Reasonable

The Settlement provides Class Counsel's fees will be paid from the Gross Settlement Amount.  Settlement at § 6.1.  The Supreme Court of the United States recognizes, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (internal citations omitted).  The guiding principle for determining the amount of a fee award in a common-fund case is the fee should be "reasonable."  *In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 148 F.3d 283, 332-333 (3d Cir. 1998).

---

(E.D. Pa. 1990) (same); *In re GNC Shareholder Litig.*, 668 F.Supp. 450, 451-52 (W.D. Pa. 1987) (same).

The value of the Settlement in this case is a Settlement Fund of $2,550,000.00, with no possibility the amount reverts in any way to Defendants.[2]  Class Counsel seek an award of attorneys' fees of 33-1/3% of the Gross Settlement Amount, or $849,915.00, plus reasonable expenses in the sum of $13,745.77.  Due to "the potential conflict of interest between the attorneys seeking compensation" and the clients, "the trial court has an independent duty to scrutinize fee applications." *Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir. 1985).  Courts have permitted counsel fees ranging anywhere from nineteen (19) to forty-five (45) percent of the settlement fund.  In fact, courts routinely support counsel fees of 33 1/3% in analogous class actions advanced under ERISA.[3]

In awarding fees using the percentage-of-recovery method in common fund cases, the Third Circuit instructed district courts to consider the following:

> Among other things, these factors include: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the

---

[2] Any Net Settlement Amount remaining in the Qualified Settlement Fund after payments are made to Class Members shall be paid to the Plan to defray administrative fees and expenses.

[3] *See e.g. Hay v. Gucci America, Inc.*, No. 17-cv-7148 (D.N.J.); *Spano v. Boeing Co.*, No. 06-cv-0743 (S.D. Ill.); *Kennedy v. ABB, Inc.,* No. 06-cv- 4305 (W.D. Mo.); *Diebold et al v. Northern Trust Investments N.A. et al*, No. 09-cv-1934 (N.D. Ill.); *Nolte v. Cigna Corp.*, No. 07-cv-2046 (C.D. Ill.); *Kruger v. Novant Health, Inc.*, No. 14- cv-0208 (M.D.N.C.); *Gordan v. Massachusetts Mutual Life Insurance Co.*, No. 13-cv-30184 (D. Mass.); *Beesley v. International Paper Co.*, No. 06-cv-0703 (S.D. Ill.); *Krueger v. Ameriprise Financial, Inc.*, No. 11-cv-2781 (D. Minn.); *Martin v. Caterpillar, Inc.*, No. 07-cv-1009 (C.D. Ill.); *Will v. General Dynamics*, No. 06-cv-0698 (S.D. Ill.); *Cassell v,. Vanderbilt University*, No. 16-cv-2086 (M.D. Tenn.); *Kelly v. The Johns Hopkins Univ.*, No. 16-cv-2835 (D. Md.); *Bilewicz v. FMR, LLC*, No. 13-cv-10636 (D. Mass.); *Terranza v. Safeway, Inc.*, No. 16-cv-03994 (N.D. Cal.); *Stevens v. SEI Investments Co.*, No. 18-cv-4205 (E.D. Pa.); *Schapker v. Waddell & Reed Fin., Inc.*, No,. 17-cv-2365 (D. Kan.); *Donald v. Teachers Insurance and Annuity Insurance Association of America*, No. 15-cv-08040 (S.D.N.Y.); *Pease v. Jackson National Life Ins. Co.*, No. 17-cv-284 (W.D. Mich.); *Dennard v. Transamerica Corp.*, No,. 15-cv-00030 (N.D. Iowa); *Price v. Eaton Vance Corp.*, 18-cv-12098 (D. Mass.); *Schultz v. Edward D. Jones & Co., L.P.*, No. 126-cv-1346 (E.D. Mo.); *Anderson v. Principal Life Insurance Co., et al.*, No. 15-cv-00119 (S.D. Iowa).

> settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, n. 1 (3d Cir. 2000).  Evaluation of these factors

supports a 33-1/3% fee in this case. The Court may also consider:

> (1) the value of benefits accruing to class members attributable to the efforts of class counsel as opposed to the efforts other groups, such as government agencies conducting investigations; (2) the percentage fee that would have been negotiated had the case been subject to a private contingent fee agreement at the time counsel was retained; and (3) any "innovative" terms of settlement.

*In re AT&T Corp.*, 455 F.3d 160, 165 (3d Cir. 2006); *In re Elec. Carbon Products Antitrust*

*Litig.*, 447 F. Supp. 2d 389, 405-06 (D.N.J. 2006).  Evaluation of these factors supports a 33

1/3% fee in this case.

## 1.   The Size of the Fund Created and the Number of Persons Benefitted Supports the Requested Fees.

The value of the Settlement in this case is a Settlement Fund of $2,550,000.00 which will

benefit as many as 18,000 Settlement Class members.   Gyandoh Decl., ¶ 41.   Class Counsel

negotiated a Settlement for the Class, which is a certain, present benefit for the Class.   Significant

here, too, is the fact "ERISA class actions based on the same theories as the present matter involve

a complex and rapidly evolving area of law." *In re Schering-Plough Corp. Enhance ERISA Litig.*,

2012 WL 1964451, at *5 (D.N.J. May 31, 2012) ("*Schering-Plough Enhance*"); *see also Smith v.*

*Krispy Kreme Doughnut Corp.*, No. 05-cv-00187, 2007 WL 119157, at *2 (N.D.N.C. Jan. 10,

2007) (recognizing "ERISA is a highly complex and quickly-evolving area of the law" as a factor

supporting the proposed settlement).   Given the inherent risks of litigation in ERISA cases, the

benefit is highly significant to the Settlement Class members as the Settlement provides tangible

benefits without the risks, delays, and costs of ongoing litigation. *In re Cigna*, 2019 WL 4082946, at *12 (E.D.Pa. Aug. 29, 2019) (approved fees of one-third settlement amount). Additionally, as further explained in the accompanying memorandum in support of final approval of the Settlement, the Settlement amount achieved ranges from is up to 77% of the recovery Plaintiffs could hope to achieve at trial. *See also* Gyandoh Decl., ¶ 28.

### 2. The Reaction of the Class to the Settlement

As of the filing of the instant memorandum there have been no objections to either the Settlement or Class Counsel's requests for fees.

### 3. The Skill and Efficiency of the Attorneys Involved

The skill and efficiency of the attorneys involved also weighs in favor of the requested fees and expenses. Federal Rule 23(g) specifies, unless a statute provides otherwise, a court certifying a class must appoint Class Counsel, and an attorney appointed to serve as Class Counsel "must 'fairly and adequately represent the interests of the class.'" *Donovan v. St. Joseph County Sheriff*, 2012 WL 1601314, at *8 (N.D. Ind. May 3, 2012), quoting FED. R. CIV. P. 23(g)(4). Rule 23(g) directs consideration of: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *In re: Processed Egg Products Antitrust Litig.*, 284 F.R.D. 249, 262 (E.D. Pa. 2012), citing FED. R. CIV. P. 23(g)(1)(A)(i)-(iv). The court may also consider any other matter pertinent to whether Class Counsel can fairly and adequately represent the interests of the class. *Id.*, citing *Sheinberg*, 606 F.3d at 132-33.

Plaintiffs retained attorneys whom are highly qualified, experienced, and able to litigate this matter. Capozzi Adler and Mark K. Gyandoh, Plaintiffs' Counsel in this Action, have substantial experience litigating similar ERISA class action cases along with other complex litigation and are well-qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement. Mr. Gyandoh, Chair of the Fiduciary Practice Group at Capozzi Adler, and his partner Donald R. Reavey are highly qualified ERISA class action attorneys and unequivocally recommend this Settlement. Gyandoh Decl., ¶ 3. Additionally, Capozzi Adler has been named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions in this District and across the nation. *Id.* at ¶¶ 4-5.

Throughout the litigation, Class Counsel has used its experience and access to resources to investigate and litigate Plaintiffs' underlying allegations, which ultimately led to the Settlement in this Action. Class Counsel have two decades of experience in complex class actions and recommend this Settlement as the best solution for Settlement Class members. The retention of highly qualified counsel, coupled with the alignment of interests between Named Plaintiffs and the Settlement Class members, satisfies the requirements of Rules 23(a)(4) and 23(g).

### 4. The Complexity and Duration of the Litigation

The probable costs of continued litigation with respect to both time and money are high. The Settlement in this Action comes at an opportune time given, if the litigation continues, there would be substantial expense to the Parties associated with necessary factual and expert discovery and assorted motion practice. While significant document productions have occurred with nearly fifty-thousand documents produced by Defendants (Gyandoh Decl., ¶ 25), considerable additional discovery would be required before the case would be trial ready, and there would be voluminous briefing ahead in the absence of the proposed Settlement. Prior to the October 13, 2020 mediation,

the Parties were in the briefing process of Plaintiffs' motion for class certification and Defendants' motion for partial summary judgment and this Court granted their request for an extension to file their reply briefs so the Parties could engage in private mediation.  Absent this Settlement, the Parties would delve into substantial discovery, including numerous depositions of Defendants, other third-party witnesses, and those of liability and damages experts, as well as continued briefing related to the motion for class certification and motion for partial summary judgment. Moreover, a trial in this Action would be arduous given the complex factual and legal issues relevant to Defendants' failure to prudently and loyally manage the Plan and Plaintiffs' arguments as to why such conduct was imprudent and constituted breaches of Defendants' fiduciary duties under ERISA.  Further, even if Plaintiffs prevailed at trial it would likely be years before any putative Settlement Class member received any benefit in light of the likely appeals to follow.

Significant here, too, is the fact "ERISA class actions based on the same theories as the present matter involve a complex and rapidly evolving area of law." *In re Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451, at *5 (D.N.J. May 31, 2012) ("*Schering-Plough Enhance*"); *see also Smith v. Krispy Kreme Doughnut Corp.*, No. 05-cv-00187, 2007 WL 119157, at *2 (N.D.N.C. Jan. 10, 2007) (recognizing "ERISA is a highly complex and quickly-evolving area of the law" as a factor supporting the proposed settlement).

The Third Circuit has recognized a significant delay in recovery if a case proceeds to trial favors settlement approval, *see, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 536 (3d Cir. 2004), and the District of New Jersey has acknowledged this reality favored final approval of a settlement in an analogous matter, reasoning:

> [t]his litigation has been ongoing for more than two years. Undoubtedly, without settlement, the continued costs and time required to proceed through discovery, pre- trial matters, trial and

> post-trial matters would be great in this multi-district action. Additionally, there will necessarily be significant delay in recovery if this case is tried. In contrast, the settlement provides immediate recovery.

*In re: Merck & Co., Inc., Vytorin ERISA Litig.*, No. 08-cv-285, 2010 WL 547613, at *7 (D.N.J. Feb. 9, 2010). Thus, the probable costs of continued litigation with respect to both time and money are very high. Counsel's initiatives to resolve the case now demonstrates substantial effort on the part of counsel to both return a favorable remedy to the Settlement Class while saving the costs and time of further litigation.

### 5. Class Counsel Undertook the Risk of Nonpayment

Class Counsel advanced this action on an entirely contingent fee basis, assuming a substantial risk the litigation would continue for years and potentially yield no, or very little, recovery. Class Counsel undertook this action aware of the possibility they could be left uncompensated for their time and out-of-pocket expenses. Gyandoh Decl., ¶ 48. Class Counsel's risk of receiving minimal or no recovery is a substantial factor in considering an award of attorney's fees.

Throughout the litigation, Defendants have challenged Plaintiffs' claims and maintained they did not breach their fiduciary duties to the Plan and its participants. Defendants would have continued to contest this issue had the matter proceeded further into litigation. Defendants asserted numerous defenses to Plaintiffs' claims, opposed certification of the class for litigation purposes, and would likely have filed a dispositive motion. Class Counsel would have continued to vigorously litigate this action at each stage without the guarantee of compensation for their time or reimbursement for their expenses. Class Counsel's agreement to represent the Class and assume the risks of litigation ultimately led to the Class Settlement in this case. Thus, Class Counsel's assumption of the risk of nonpayment weighs in favor of the requested award.

**6.  Class Counsel Devoted A Significant Amount of Time and Labor to the Case**

Capozzi Adler is a nationally recognized firm with extensive experience and expertise in this narrow area of law. Class Counsel has expended 904.40 hours and incurred $13,745.77 in expenses.  Gyandoh Decl., ¶¶ 50-52.  During the course of litigation and the time period leading up to this Settlement, Class Counsel crafted briefs and arguments, engaged in discovery, reviewed documents, retained and consulted experts, negotiated, and finally settled this case.  In that time, Class Counsel has never been paid for their work on this matter, taking the case on a wholly contingent basis.  Instead, they faced the very real risk, in the face of staunch opposition from highly qualified defense counsel, they would receive nothing for the $636,714.00 worth of professional time spent, and $13,745.77 in cash outlays they invested in the case.

The above hours do not include time spent preparing the instant motion for fee approval or time to be spent on the preparation for and interview with the Independent Fiduciary, preparation for and attendance at the Fairness Hearing, communications with Settlement Class members, and monitoring of Defendants' compliance with the Settlement.  Gyandoh Decl., ¶ 57.  Counsel researched the litigation pre-filing, developed relevant facts, and worked with Plaintiffs on the complaints.  Class Counsel minimized expenses by utilizing its own ERISA expertise, where necessary, controlling costs by eliminating travel expenses without sacrificing the national expertise they brought to benefit the Class. With over 900 hours of time spent on this litigation, Class Counsel has been both diligent and efficient in obtaining a meaningful recovery for the Class and the Plan.  As explained below in discussion of a lodestar cross check, the requested fee represents a risk multiplier of a little over 1.

**7.  The Comparison Between the Requested Attorney Fee Percentage and the Percentages Awarded in Similar Cases**

Courts have permitted counsel fees ranging anywhere from nineteen (19) to forty-five (45) percent of the settlement fund.  As noted above (n. 3) courts routinely support counsel fees of 33 1/3% in analogous class actions advanced under ERISA.  *See also Abbott v. Lockheed Martin Corp.*, No. 06-cv-701, 2015 WL 4398475 (S.D. Ill. July 17, 2015) (awarding 33.33% fee in case involving allegedly excessive 401(k) fees and resulting losses); *Spano v. Boeing Co.*, No. 06-cv-743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) (same); *Kruger v. Novant Health, Inc.*, No. 1:14-cv-208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) (same); *Gordan v. Massachusetts Mut. Life Ins. Co.*, No. 13-cv-30184, 2016 WL 11272044 (same); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-703, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) (same); *Krueger v. Ameriprise Financial, Inc.*, No. 11-cv-2781, 2015 WL 4246879 (D. Minn. July 13, 2015); *Waldbuesser v. Northrop Grumman Corp.*, No. 06-cv-6213, 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) (same); *Will v. Gen. Dynamics Corp.*, No. 06-cv-698, 2010 WL 4818174 (S.D. Ill. Nov. 22, 2010) (same); *Dennard v. Transamerica Corp.* No. 15-cv-30, 2016 WL 6471254 (N.D. Iowa Oct. 28, 2016) (same); *Martin v. Caterpillar Inc.*, No. 07-cv-1009, 2010 W 11614985 (C.D. Ill. Sept. 10, 2010) (same).  Thus, an award of counsel fees in the amount of 33 1/3% of the common fund is appropriate here.

### 8.  Public Policy Considerations

Protecting workers' retirement funds is in the public interest.  Public policy relies on private sector enforcement of the pension laws as a necessary adjunct to Department of Labor intervention. *Braden v. Walmart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009) ("Congress intended that private individuals would play an important role in enforcing ERISA's fiduciary duties") (internal quotation marks omitted).  Counsel's fees should reflect the important public policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 51 (2d Cir. 2000).  While court

11

awarded fees must be reasonable, setting fees too low or randomly will create insufficient incentive to bringing large class action cases. *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695, 2007 WL 4115808, at *3 (S.D.N.Y. Nov. 7, 2007) (citing *Goldberger*, 209 F.3d at 51). Courts must scrutinize the unique circumstances of each case with "a jealous regard to the rights of those who are interested in the fund," but also provide incentives to bring these cases in the future. *Goldberger*, 209 F.3d at 53.

### C. The Requested Fees and Expenses Are Fair and Reasonable Under A Lodestar Cross-Check

While not required, the Third Circuit recommends district courts applying the percentage of the fund method conduct a lodestar cross-check on the reasonableness of the fee award. *See In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 183 n.4 (3d Cir. 2005) (district court's percentage-of-recovery award affirmed even though district court did not conduct lodestar cross-check). The Third Circuit has warned the lodestar cross-check "does not trump the primary reliance on the percentage of the common fund method." *In re Rite Aid*, 396 F.3d at 307. The lodestar cross-check "need entail neither mathematical precision nor bean counting," and the "resulting multiplier need not fall within any pre-defined range, provided that the District Court's analysis justifies the award." *Id.* "The district courts may rely on summaries submitted by the attorneys and need not review actual billing records." *In re Rite Aid*, 396 F.3d at 306-07.[4] When there are no objections to lodestar calculations, "a fullblown lodestar analysis is an unnecessary and inefficient use of judicial resources." *Dewey v. Volkswagen of America*, 728 F.Supp.2d 546, 592 (D.N.J. 2010).

---

[4] Plaintiffs note the Preliminary Approval Order stated Class Counsel's fee request should be submitted "with supporting billing records." *Id.* at ¶ 20. Plaintiffs have indicated "Details and material supporting the time records and expenses referenced in [the Gyandoh] declaration are available upon the request of the Court," Gyandoh Decl., ¶ 55, if the Court deems it necessary after review of the instant memorandum.

To calculate attorneys' fees under the lodestar method, counsel's reasonable hours expended on the litigation are multiplied by counsel's reasonable rates. *See Pennsylvania v. Del Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  Class Counsel have expended more than 904 hours on this case.  Gyandoh Decl., ¶ 52.  The hours spent were reasonable and necessary to the prosecution of the litigation.  The rates charged are consistent with those charged by other firms in the field of nationwide ERISA class action work and have been approved by courts in numerous cases.  *Id*., ¶ 56.  Moreover, the rates are reasonable in comparison to the firms that defend nationwide ERISA class action cases.  *Id.*

The lodestar amount does not include time to prepare and attend the Fairness Hearing, and to continue to supervise the Settlement fund (including consulting with the Settlement Administrator, corresponding with Class Members, and communicating with opposing counsel, activities which will necessarily result in additional lodestar).  Hourly rates vary appropriately between attorneys and paralegals depending on the position and experience.  The rates are based on a reasonable hourly billing rate for such services given the geographical area, nature of the services provided, and the experience of the attorney. *Gunter*, 223 F.3d at 195.  Considering the benefits of the Settlement, risks of continued litigation, and the experience of Class Counsel, the rates are reasonable.  This calculation yields a lodestar of $636,714.00 based only on the Class Counsel's time.  Here, Class Counsel's lodestar yields a multiplier of 1.3, which is well within the range found reasonable in other analogous matters.   "'Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'" *In re Cendant Corp. PRIDES Litig*., 243 F.3d 722, 742 (3d Cir. 2001) (citing  *In re Prudential*, 148 F.3d 283, 341 (3d Cir.1998) (quoting 3 Herbert Newberg & Alba Conte, Newberg on Class Actions, S 14.03

at 14–5 (3d ed.1992)).   Accordingly, the lodestar crosscheck confirms an award of 33 and 1/3 percent is fair and reasonable.

### D.  Plaintiffs' Counsel's Expenses Should Be Reimbursed

Class Counsel should also be reimbursed the $13,745.77 in litigation expenses they advanced in prosecuting this case under FED. R. CIV. P. 23(h); *see also Safety Components, Inc.*, 166 F. Supp.2d at 108 ("Counsel for a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action.") (citing *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995)). As a leading treatise states:

> An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved. The equitable principle that all reasonable expenses incurred in the creation of a fund for the benefit of a class are reimbursable proportionately by those who accept benefits from the fund authorizes reimbursement of full reasonable litigation expenses as costs of the suit in contrast to the more narrowly defined rules of taxable costs of suit under Fed. R Civ. P. 54 (d). . . . The prevailing view is that expenses are awarded in addition to the fee percentage.

Alba Conte, 1 *Attorney Fee Awards* § 2:19 (3d ed.); *see also Sprague v. Ticonic*, 307 U.S. 161, 166-67 (1939) (recognizing a federal court's equity power to award costs from a common fund); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) ("In accordance with the well-established common fund exception to the American Rule, . . . class counsel. . . are entitled to an award of their . . . expenses out of the fund that has been created for the class by their efforts").

Counsel in common fund cases may recover those expenses that would normally be charged to a fee-paying client. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'").   These costs and expenses "include such things as expert

witness costs, mediation costs, computerized research, court records, travel expenses, and copy, telephone, and facsimile expenses." *Krueger*, 2015 WL 4246879 at *3 (citing FED. R. CIV. P. 23); *Boeing*, 444 U.S. at 478; *Abrams*, 50 F.3d at 1225; *Cullen v. Whitman Medical Corp.*, 197 F.R.D. 136, 151 (E.D. Pa. 2000).

Plaintiffs' counsel incurred expenses of $13,745.77 including costs related to filing fees and legal research. Gyandoh Decl., at ¶ 50.  Counsel brought this case without guarantee of reimbursement or recovery, so they had a strong incentive to keep costs to a reasonable level, and they did so.  *Krueger*, 2015 WL 4246879 at *3 (citing *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010)) (recognizing counsel with contingent fee agreement has a "strong incentive to keep expenses at a reasonable level").  The expenses are reasonable and should be rewarded. *See, e.g., Cendant PRIDES*, 243 F.3d at 732 n. 12 (quoting the 1985 Task Force Report) ("common-fund doctrine [...] allows a person who maintains a lawsuit that results in the creation, preservation, or increase of a fund in which others have a common interest, to be reimbursed from that fund for litigation expense incurred"); *see also AT&T*, 455 F.3d 160, 172 n. 8 (3d Cir. 2006) ("[e]xpenses are generally considered and reimbursed separately from attorneys' fees").

### E.  The Case Contribution Awards Are Reasonable

Plaintiffs request Class Representatives Pinnell, Fernandez, and Perrilloux be granted a Case Contribution Award in compensation for the time and effort they expended in successfully prosecuting this case to a successful resolution.  Such awards acknowledge representative plaintiffs' hard work and sacrifices in support of the class, as well as their promotion of the public interest.  "Courts often grant services awards to named plaintiffs in class action suits to promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits." *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017).

Here, Plaintiffs seek award of $15,000 for each class representative, amounts that are well-deserved. Each of the Class Representatives have been closely involved in this litigation since its inception. They provided documents, reviewed the Complaint and Amended Complaint, and monitored Class Counsel and the progress of the litigation, including discussions about the terms of the Settlement. Gyandoh Decl., ¶ 61. Each of the Named Plaintiffs have submitted declarations in support of their requests for case contribution awards. The declarations are attached to the Gyandoh Declaration as Exhibits 3 (Pinnell Declaration), 4 (Fernandez Declaration), and 5 (Perrilloux Declaration).

The total award for the three class representatives represents less than two percent of the total Settlement Fund. Substantially larger awards have been approved as well within the ranges typically awarded in comparable cases. *See, e.g., Tussey v. ABB, Inc.*, 2012 WL 1113291, at *21 (W.D. Mo. Nov. 2, 2012) (awarding $25,000 to each class representative in ERISA 401(k) fee class action); *Mayer v. Driver Solutions, Inc.*, 2012 WL 3578856, at *5 (E.D. Pa. Aug. 17, 2012) (approved $15,000 award for class representative); *Bernhard v. TD Bank, N.A.*, 2009 WL 3233541, at *2 (D.N.J. 2009) ("[C]ourts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action litigation.") (quoting *Cullen*, 197 F.R.D. at 145); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (upheld $25,000 award to class representative); *Beesley v. International Paper*, 2014 WL 375432, at *4 ($25,000 awarded to each of the three named plaintiffs).

## III.   CONCLUSION

For the reasons set forth above and in the supporting declarations and exhibits filed in support of this motion, Plaintiffs request the Court approve Class Counsel's request for attorneys' fees and expenses, and grant the requests for a case contribution award.

DATED:  March 15, 2021          Respectfully submitted,

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire
Donald R. Reavey, Esquire
Gabrielle Kelerchian
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (717) 233-4101
Facsimile: (717) 233-4103

*Class Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on March 15, 2021, I caused the foregoing to be filed with the Clerk of the

Court via the CM/ECF system, which will deliver notification of filing to all counsel of record.


<u>*/s/ Mark K. Gyandoh*  </u>
Mark K. Gyandoh, Esquire