UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY PINNELL, JEREMY FERNANDEZ AND SHANE PERRILLOUX, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICALS USA, INC., BOARD OF DIRECTORS OF TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICALS USA, INC. INVESTMENT COMMITTEE, and JOHN AND JANE DOES 1-30.<br><br>    Defendants. | CIVIL ACTION NO.:<br>2:19-CV-05738-MAK |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF SETTLEMENT AGREEMENT**

Plaintiffs, Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux (collectively, "Plaintiffs"), respectfully submit this Supplemental Memorandum of Law In Further Support of the Settlement Agreement[1] to (1) notify the Court of the Independent Fiduciary's Approval of the Settlement terms and Class Counsel's application for fees and expenses and (2) to inform the Court that no objections to the Settlement have been filed.

### I.   INDEPENDENT FIDUCIARY REPORT

Plaintiffs filed their Motion for Final Approval of Class Settlement and supporting memorandum of law ("Final Approval Memo") and Motion for An Award of Attorneys' Fees and Reimbursement of Expenses and A Lead Plaintiff Case Contribution Award and corresponding memoranda of law ("Fee Memo") on March 15, 2021 (ECF Nos. 75 through 77-5). Additional support for the adequacy and reasonableness of the Settlement, as well as for Class Counsel's

---

[1] Undefined capitalized terms herein have the same meaning as in the Settlement Agreement ("Settlement Agreement" or "Agreement") (ECF 77-1).

request for fees and expenses, comes from the Independent Fiduciary, Fiduciary Counselors, which was retained by Defendants to review the Settlement. Fiduciary Counselors prepared a report (attached to the Declaration of Mark K. Gyandoh as Exhibit B) approving both the terms of the Settlement and Class Counsel's application for fees and expenses. In part, the report notes:

- The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone.

- The terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.

Fiduciary Counselors Report at ¶ II.

While not binding upon this Court, the Independent Fiduciary's report should be viewed as evidence further supporting approval of all aspects of the Settlement as fair, reasonable, and adequate, including the settlement amount of $2,550,000.00 and the requested attorneys' fees and expenses outlined in the Fee Memo. *See, e.g.*, *Cavalieri v. General Elec. Co.*, No. 06-cv-315, 2009 WL 2426001, at *2-3 (N.D.N.Y. Aug. 6, 2009) (citing the favorable report of an independent fiduciary in support of its finding that proposed settlement was procedurally fair and its determination to approve the requested attorneys' fees); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1268 (D. Kan. 2006) ("The court fully credits the parties' judgment, as well as the independent fiduciary's opinion, that the settlement is fair and reasonable"). *See also, e.g.*, *Will v. General Dynamics Corp.*, No. 06-cv-698, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22, 2010) ("This Court notes that Class Counsel's fee has also been found, after review, to be reasonable by an independent fiduciary"); *In re Healthsouth Corp. ERISA Litig.*, No. 03-cv-1700, 2006 WL 2109484, at *1 (N.D. Ala. June 26, 2008) (granting final approval of analogous class action

settlement, noting the Independent Fiduciary retained by the Company to approve the Settlement on behalf of the Plan, has given its approval to the Settlement).

## II.   LACK OF OBJECTIONS FROM CLASS MEMBERS SUPPORTS THE SETTLEMENT'S APPROVAL

There have been no objections to this Settlement.  *See* Declaration of Mark K. Gyandoh In Support of Plaintiffs' Supplemental Memorandum of Law In Further Support of Settlement Agreement at ¶¶ 6-7.  *In re Processed Egg Products Antitrust Litig.*, 284 F.R.D. 249, 269 (E.D. Pa. 2012) (final approval granted when "there were no objections filed to Settlement and thus no negative feedback to the settlement"); *Case v. French Quarter III, LLC*, 2015 WL 12851717, at *14 (D.S.C. July 27, 2015) (final approval given after no objections to the class settlement); *In re Cedent Corp. Litig.*, 264 F.3d 201, 234-35 (3d Cir. 2001) (low number of objections strongly favors settlement and "[t]he vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement.").

For the reasons set forth herein, and in Plaintiffs' prior submissions in connection with the Settlement, Plaintiffs respectfully request that this Court grant the relief sought in their Final Approval Memo and Fee Memo.

DATED:  April 26, 2021                                  Respectfully submitted,

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire
Donald R. Reavey, Esquire
Gabrielle Kelerchian
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (717) 233-4101
Facsimile: (717) 233-4103

*Class Counsel*

## **CERTIFICATE OF SERVICE**

I certify that, on April 26, 2021, I caused the foregoing to be filed with the Clerk of the Court via the CM/ECF system, which will deliver notification of filing to all counsel of record.

                                               */s/ Mark K. Gyandoh*
                                               Mark K. Gyandoh, Esquire