**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERRY PINNELL,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-5738 |
| | : | |
| **TEVA PHARMACEUTICALS USA,** | : | |
| **INC.,** *et al.* | : | |

## ORDER AND JUDGMENT

**AND NOW**, this 3rd day of May 2021, upon considering Plaintiffs' Motion for final approval of a class action settlement (ECF Doc. No. 75), following our December 7, 2020 Order of preliminary approval and setting Notice obligations (ECF Doc. No. 72), the May 3, 2021 hearing to determine the fairness of the proposed Settlement, finding under Rules 23(a),(b), (g), we may exercise subject matter and personal jurisdiction, the proposed Class is ascertainable, joinder is impracticable, the Plaintiffs' claims are typical of the proposed Class members' claims, Plaintiffs will fairly and adequately represent the Class as their interests are consistent with proposed Class members without conflicts between the Plaintiffs and proposed Class members, the prosecution of separate actions by thousands of individual members of the proposed Class would create a risk of inconsistent or varying judgments which could either set incompatible standards of conduct for the fiduciary Defendants or practically dispose of claims by other proposed Class members not parties to the individual judgments or substantially impair or impede other proposed Class members' ability to protect their interests, and Class Counsel are capable of fairly and adequately representing the proposed Class, it is **ORDERED** Plaintiffs' Motion for final approval (ECF Doc. No. 75) is **GRANTED** and **JUDGMENT** entered in strict accord with the

Class Action Settlement Agreement[1] and this Order:

1. We certify a settlement class under Federal Rules 23(a) and (b)(1) defined as: All persons who participated in the Plan at any time during the Class Period (December 6, 2013 through June 28, 2019), including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

2. We appoint Plaintiffs Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux as Class Representatives for the Settlement Class and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

3. Class Counsel followed our December 7, 2020 Order (ECF Doc.No.72) to ensure the best notice practicable under the circumstances under Federal Rule 23 for proper and adequate notice of the Settlement, today's Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs, and the Plan of Allocation including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters addressed in today's final hearing, and included sufficient information regarding the procedure for the making of objections. Class Counsel reached all but twenty-eight members of the Settlement Class exceeding 18,000 members.

---

[1] All capitalized terms used in this Order shall have the same meanings as ascribed to them in the Class Action Settlement Agreement (ECF Doc. No. 77-1).

4.      The Settlement is fair, reasonable and adequate to the Plan and the Settlement Class as: the parties negotiated vigorously and at arm's-length under the auspices of the Mediator; the parties had sufficient information to evaluate the settlement value; absent settlement, the Plaintiffs faced the expense, risk, and uncertainty of extended litigation; the $2,550,000.00 Class Settlement Amount is fair, reasonable, and adequate taking into account the costs, risks, and delay of trial and appeal and within the range of settlement values obtained in similar cases; the method of distributing the Class Settlement Amount is efficient and requires no filing of claims; the Settlement terms related to attorneys' fees do not raise questions concerning fairness of the Settlement; and there are no agreements, apart from the Settlement, required to be considered under Federal Rule 23(e)(2)(C)(iv); the Plaintiffs and Class Counsel acted independently of Defendants and in the interest of the Settlement Class; and, no Settlement Class member objected to the Settlement.

5.      The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member under this approved Plan of Allocation.

6.      The parties satisfied all requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.

7.      The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, are effective as of the Settlement Effective Date and, as of the Settlement Effective Date, the Plan, the Class

Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether the objections or claims for distribution of such Class Member have been approved or allowed.

8. The Class Representatives, Class Members, and the Plan settle, release, relinquish, waive, and discharge all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also waive all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to section 1542 of the California Civil Code.

9. The Class Representatives, the Class Members, and the Plan acting individually or

4

together, or in combination with others, are permanently and finally barred and enjoined from suing the Released Parties in an action or proceeding alleging a Released Claim.

10. Each Class Member releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

11. All claims in the Action are dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided in the Settlement Agreement.

12. We retain exclusive jurisdiction to resolve all disputes or challenges arising as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.

13. We retain exclusive jurisdiction with respect to all applications for awards of attorneys' fees and case contribution awards, and reimbursements of litigation costs.

14. Motions to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim.

15. With respect to matters concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement

Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan under applicable law and the governing terms of the Plan.

16. The Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution within twenty-one days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation.

17. Class Counsel shall file a Notice attaching an affidavit from the Settlement Administrator describing the number and dollar amounts (without disclosing the recipient other than her initials) of all checks not negotiated by a Settlement Class Member within twenty-one days of the one-hundred and eighty-days provided to Settlement Class Members to tender their checks.

_____
**KEARNEY, J.**