IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY PINNELL**, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-5738 |
| | : | |
| **TEVA PHARMACEUTICALS USA, INC.**, *et al.* | : | |

# ORDER

AND NOW, this 11th day of June 2021, upon considering Plaintiffs' renewed Motion for attorney's fees (ECF Doc. No. 90) with supporting Declarations (ECF Doc. Nos. 91, 92), following our May 3, 2021 hearing denying the first motion for attorney's fees based on lack of supporting evidence and concerns with possible fee-sharing with S&G, Esq. Legal Marketing, LLC, but with several of the issues resolved in the renewed Motion including no request for fees shared with counsel outside of our Order[1], having applied the *Gunter* and *Prudential* factors to find one-third of the common fund as a reasonable attorney's fee without specifically approving the fair market value of the Class Counsel's hourly rates given reliance on rates outside this area[2], the requested costs are reasonable and necessary warranting reimbursement, but the case contribution awards are not warranted at the requested amount,[3] it is **ORDERED** Plaintiffs' renewed Motion (ECF Doc. No. 90) is **GRANTED in part** and **DENIED in part**:

1. We award Class Counsel attorney's fees of **$849,915** representing one-third of the common fund settlement;

2. We award reimbursement to Class Counsel of **$13,745.77** in reasonable expenses;

3. We award **$5,000** each to Jerry Pinnell, Jeremy Fernandez, and Shane Perrilloux as a case contribution award in recognition of their efforts; and,

4. The Clerk of Court shall **close** this matter.

*/s/ Mark C. Kearney*
**KEARNEY, J.**

[1] Capozzi Adler considered compensating S&G for legal services at the beginning of this case and built this provision into the client retainer agreement. ECF Doc. No. 90-1 at 14. Capozzi Adler used S&G for "back office support (screening of potential plaintiffs)"; "financial analysis (evaluation of Form 5500 filings, plan research and fund analysis, costs/fee analysis, benchmark evaluations, damage calculations)"; "consulting on marketing and advertising (*e.g.*, website design, social media presence)." ECF Doc. No. 90-1 at 13. S&G allegedly "assisted Capozzi Adler with client identification and retention, financial analysis and evaluation of the Teva retirement plan, including costs/fee analysis, benchmark evaluations, and damage calculations." *Id.*

We raised concerns about fees possibly paid to S&G at our May 3, 2021 fairness hearing because S&G did not enter an appearance or disclose legal efforts. ECF Doc. No. 89. Class Counsel responded to our concerns by agreeing to not seek reimbursement of expenses relating to S&G because (1) Mark Gyandoh, is "the only individual affiliated with S&G who performed legal services,"; and (2) "Class Counsel did not submit any of the potential fees related to S&G's non-legal work as reimbursable expenses because S&G has not billed Capozzi Adler for any services, including its non-legal services." ECF Doc. No. 90-1 at 14. Class Counsel explained S&G, Esq., "the out-of-District counsel," would not receive fees because "the services [S&G] performed did not ultimately constitute legal work in the Class Counsel's estimation." ECF Doc. No. 90-1 at 13-14. S&G is located in Washington D.C. *The Law Firm of S&G*, THE LAW FIRM OF S&G, https://www.thelawfirmofsg.com/ (last visited June 8, 2021). Christopher Battista is managing partner and Mark Gyandoh is Of Counsel of S&G while also working for Capozzi Adler. *The Law Firm of S&G*, THE LAW FIRM OF S&G, https://www.thelawfirmofsg.com/about (last visited June 8, 2021). S&G focuses on individual and mass tort actions, focusing on contingency fee-based litigation. *The Law Firm of S&G*, THE LAW FIRM OF S&G, https://www.thelawfirmofsg.com/ (last visited June 8, 2021).

[2] We consider the factors necessary to evaluate reasonableness described by our Court of Appeals in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998). The first *Gunter* factor considers the fee request in comparison to the size of the fund created and the number of class members to be benefitted. This first factor weighs in favor of the proposed fee because counsel swears the distributed amount to Class Members is *pro rata* and recovers up to 77% of the Participants' trial number. ECF Doc. No. 71-3 at 34. The next *Gunter* factor is whether Class Members objected to the settlement terms and/or fees requested by counsel. No members of the Settlement Class objected. The next *Gunter* factor is the skill and efficiency of the Class Counsel involved in the settlement. There is no evidence of "redundant work" or "time needlessly spent on issues unnecessary to accomplish the result" in the evidence Class Counsel submitted. ECF Doc. No. 91-1; *see Brown v. Rita's Water Ice Franchise Co. LLC*, 242 F. Supp. 3d 356, 364 (E.D. Pa. 2017). This factor supports the requested fee. The probable costs of continued litigation in terms of time and money would be high. The parties would conduct extensive discovery, thus increasing the complexity of the litigation. *Id.* at 15. This factor weighs in favor of the proposed fee. *See Stevens v. SEI Invs. Co.*, No. 18-4205, 2020 WL 996418, at *11 (E.D. Pa. Feb. 26, 2020) (holding the complexity and duration factor weighs in favor of fee approval because if Plaintiffs did not settle, their actual recovery at trial would likely have been postponed for years and there remained the

possibility Plaintiffs would not recover anything). The next *Gunter* factor requires we evaluate whether there is a risk Class Counsel will not be paid. Class Counsel represented Participants on a contingent basis with the risk the action would not produce a recovery. This factor weighs in favor of approving the proposed fee. The sixth *Gunter* factor considers the amount of time Class Counsel devoted to the litigation. Class Counsel's timesheet confirms using their time efficiently. This factor weighs in favor of approving the proposed fee. The seventh *Gunter* factor is attorneys' fees awarded in similar cases. There is no benchmark for the percentage of fees awarded in common fund cases, but our Court of Appeals notes "reasonable fee awards in percentage-of-recovery cases generally range from nineteen to forty-five percent of the common fund." *Stevens*, 2020 WL 996418, at *12 (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995)). "In complex [Employee Retirement Income Security Act] cases, courts in this Circuit and others also routinely award attorneys' fees in the amount of one-third of the total settlement fund." *In re Cigna-American Specialty Health Admin. Fee Litig.*, No. 2:16-cv-03967-NIQA, 2019 WL 4082946, at *14 (E.D. Pa. Aug. 29, 2019) (citing *In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08-285, 2010 WL 547613, at *9 (D.N.J. Feb. 9, 2010); *Krueger v. Ameriprise Fin., Inc.*, No. 11-2781, 2015 WL 4246879, at *4 (D. Minn. July 13, 2015)). Class Counsel is asking for one-third of the common fund which is within the reasonable range of percentage fees awarded. This factor weighs in favor of approving the proposed fee.

Our Court of Appeals in *Prudential* further directs us to consider three other factors when analyzing attorney's fees in common fund cases. The first *Prudential* factor is the value of benefits attributable to the efforts of Class Counsel relative to the efforts of other groups, such as government agencies conducting investigations. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 338 (3d Cir. 1998). There is no evidence an entity other than Class Counsel investigated the claims and started the case. ECF Doc. No. 77 at 3. This factor weighs in favor of approving the proposed fee. The next *Prudential* factor is the percentage fee had the case been subject to a private contingent fee agreement. *Prudential*, 148 F.3d at 340. Class Counsel requests $849,915 or one-third of the settlement amount. This factor weighs in favor of approving the proposed fee. The final *Prudential* factor is whether Class Counsel negotiated innovative terms within the settlement agreement. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 339 (3d Cir. 1998). There is no evidence the Settlement terms are remarkable. "In the absence of any innovative terms, this factor neither weighs in favor nor against the proposed fee request." *In re Flonase Antitrust Litig.*, 291 F.R.D. 93, 105 (E.D. Pa. 2013).

After considering these factors, our Court of Appeals recommends we apply the lodestar method to cross-check the reasonableness of a percentage-of-recovery fee award. *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006). Counsel identifies a lodestar calculation of $632,532 yielding a lodestar multiplier of 1.3. The reported hours of 899.3 hours are reasonable, they are not excessive, redundant, or otherwise unnecessary. Class Counsel researched before filing, developed relevant facts and worked with the Participants. Their time sheets reflect assigning tasks within the firm to minimize duplication of effort. But we find the hourly rates offer some pause to the extent Class Counsel relies upon rates from counsel outside of this area. We will consider the comparable rates of the Kessler Topaz and the Morgan Lewis firms based in this District and the Valeo 2018 Attorney Hourly Rate Reports. Applying these considerations, the hourly billing rates for Attorneys Gyandoh and Reavey of $820 per hour are close to the mid-point for rates under

the Valeo 2018 Attorney Hourly Rate Report. They are also fair in comparison to the Kessler Topaz firm but purportedly lower than the rates charged by partners at Morgan Lewis. The $700 hourly rate for senior associates is also comparable to the range of hourly rates in this area of expertise but higher than either Kessler Topaz or Morgan Lewis rates for associates. The senior associates' rates fall within the Valeo Report. We cannot find similar authority for charging a junior associate rate of $425 for seventy-nine hours of work for a first- or second-year associate. The Valeo Report identifies first year associates billing at an estimated range of $93 to $396. But both Kessler Topaz and Morgan Lewis purportedly bill their junior associates at ranges in excess of $425 an hour. Nothing in this Order should be construed as approving these contingent fee rates as being reasonable for purposes of any other matter other than lodestar in this case given the multiplier. The 1.3 multiplier is reasonable here.

[3] We find no basis for awarding the three named participants $15,000 each. We are mindful of other courts in our District awarding $10,000 in service awards. We are also mindful of our earlier Order approving $6,000 in more complex cases with more involvement in larger consumer classes. *See Rougvie v. Ascena Retail Grp., Inc.*, No. 15-724, 2016 WL 4111320 (E.D. Pa. July 29, 2016). The Participants have not demonstrated services beyond agreeing to act as representative Participants and be deposed. We expect all parties know of a possible deposition without being compensated. The Participants do not demonstrate leadership of the Class other than doing what any party may do. Their "contribution" does not warrant taking an additional $27,000 away from the Class recovery. Those additional funds should be available to all Class Members.